**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Edward B. GILLIAM, Jr.,
Defendant–Appellant.**

**No. 90–5548.**

United States Court of Appeals,
Fourth Circuit.

Argued Sept. 30, 1992.

Decided Feb. 12, 1993.

---

**2.** We also deny Hargis' motion to strike Kane's reply brief.

Donald Edward Earls, Norton, VA, argued for defendant-appellant.

Julie Marie Campbell, Asst. U.S. Atty., Abingdon, VA, argued (E. Montgomery Tucker, U.S. Atty., Stephen U. Baer, Asst. U.S. Atty., Roanoke, VA, Jerry Kilgore, Asst. U.S. Atty., Abingdon, VA, on brief), for plaintiff-appellee.

Before WIDENER, WILKINSON, and WILKINS, Circuit Judges.

## OPINION

WILKINS, Circuit Judge:

Edward B. Gilliam, Jr. appeals his sentence resulting from pleas of guilty to two indictments charging separate conspiracies to distribute or to possess with the intent to distribute cocaine in violation of 21 U.S.C.A. § 846 (West 1981). Because both indictments involved conspiracy to distribute or to possess with the intent to distribute cocaine, at sentencing the conduct was grouped to establish one base offense level. United States Sentencing Commission, *Guidelines Manual*, § 3D1.2(d) (Nov. 1989). The district court attributed 30 kilograms of cocaine to Gilliam as a result of his involvement in one of the conspiracies, which combined with the additional quantity of cocaine attributable from the other conspiracy, produced a base offense level of 34.[1] U.S.S.G. §§ 2D1.1(a)(3), 2D1.1(c)(5), 2D1.4(a). The district court reduced the offense level by two for acceptance of responsibility, U.S.S.G. § 3E1.1, and determined that Gilliam's Criminal History Cate-

---

1. The district court failed to make a specific factual finding of the amount of cocaine for which Gilliam should be held responsible as a result of his involvement in this second conspiracy. However, because this amount was rela- tively small, it would not have increased the base offense level of 34. *See* U.S.S.G. § 2D1.1(c)(5) (offense level 34 applies when defendant found to have responsibility for at least 15 but less than 50 kilograms of cocaine).

gory was I, resulting in a guideline range of 121–151 months imprisonment. U.S.S.G. Ch. 5, Pt. A. The court imposed a sentence of 121 months.

Gilliam contends that there was no basis to support the conclusion of the district court that he should be held accountable, for sentencing purposes, for 30 kilograms of cocaine. We agree, vacate the sentence, and remand.

## I.

For clarity, we refer to one indictment as the Castrillon indictment and the other as the Greear indictment. The Greear indictment alleged that the amount of cocaine involved was more than 500 grams. The Castrillon indictment, the one that is the primary focus of this appeal, alleged that 28 individuals were involved in a conspiracy that was responsible for distributing or possessing with the intent to distribute 30 kilograms or more of cocaine. This indictment described in general terms the activities of numerous participants in an extensive conspiracy spanning three years and involving acts of possession and distribution of cocaine in various locations in Virginia, Tennessee, and Florida. Although the Castrillon indictment attributed specific quantities of cocaine to several individual participants, no specific quantity of cocaine was attributed to Gilliam. The sole reference connecting Gilliam to 30 kilograms or more of cocaine was found in the concluding paragraph of the Castrillon indictment which listed the 28 participants and charged that the conspiracy involved distribution or possession with the intent to distribute 30 kilograms or more of cocaine.

The plea agreement did not state the amount of cocaine that the Government believed should be attributed to Gilliam. It provided only that the Government would recommend a two-level reduction in the base offense level for acceptance of responsibility, would not oppose a sentence at the lower end of the resulting guideline range, and would move for a downward departure if Gilliam provided substantial assistance. The Government and Gilliam mistakenly believed that a 10–year mandatory minimum sentence would apply when the plea was entered.[2] Consequently, the plea agreement stated that the penalty was 10 years to life imprisonment. Although prior to sentencing the parties acknowledged that the mandatory minimum sentence was inapplicable, Gilliam did not seek to withdraw his plea. Indeed, during the sentencing hearing Gilliam indicated that he understood that he would receive at least a ten-year sentence.

During the colloquy conducted pursuant to Federal Rule of Criminal Procedure 11, the district court determined that Gilliam had received a copy of the indictment and that he understood the nature of the charges, the maximum penalties, and the constitutional rights waived as a result of his plea. However, the court did not mention the issue of the quantity of cocaine involved in either conspiracy. The Government then related to the court the evidence supporting the guilty pleas of Gilliam and other coconspirators. The recitation of evidence included a detailed account of the activities of numerous participants in the Castrillon conspiracy other than Gilliam. For example, the Government alleged that Castrillon imported into the United States approximately 1600 to 4000 kilograms of cocaine per year over a four-year period. In contrast to Castrillon and other high-level participants, the Government alleged that Gilliam was a street-level distributor of cocaine to individual users in half-gram, gram, eight-ball, and ounce quantities.

---

**2.** Gilliam pled guilty to conspiracy to violate 21 U.S.C.A. § 841(a) (West 1981), which is a violation of 21 U.S.C.A. § 846 (West 1981), rather than a substantive violation of § 841(a). This conspiracy ended in October 1988. Prior to November 1988, the penalty provisions of 21 U.S.C.A. § 841(b) (West Supp.1992) did not apply to violations of § 846. *See United States v. Vinson,* 886 F.2d 740, 741 n. 1 (4th Cir.1989)

(finding that "[t]he only statutory restraint under § 846 [was] that the sentence [could] not exceed the maximum prescribed for the substantive offense"), *cert. denied,* 493 U.S. 1062, 110 S.Ct. 878, 107 L.Ed.2d 961 (1990). In November 1988, § 846 was amended to subject those who violate that section to the same penalties as those prescribed for the underlying offense. *See* 21 U.S.C.A. § 846 (West Supp.1992).

This reference was the sole attribution of any specific quantity of cocaine to Gilliam.

After the Government concluded its presentation, the court found that the plea was supported by a sufficient factual basis. The special prosecuting attorney then requested that Gilliam's sentencing be conducted at the same time as the sentencing of several other participants because the prosecutor anticipated a dispute as to the quantity of drugs attributable to various participants and planned to present a number of witnesses on this issue at the sentencing hearing. Gilliam's attorney stated that he had no objection to the Government's request.

Prior to sentencing, the probation officer submitted a presentence report which concluded that the quantity of cocaine for which Gilliam should be held accountable "cannot be determined based upon information received from the government, however it does appear that Gilliam's involvement was 15 to 50 kilograms." Gilliam filed a written objection to this recommendation, contending that the quantity of cocaine attributed to him was inaccurate. In an addendum to the presentence report the probation officer wrote, "[i]n that he entered a plea of Guilty to Count One and no information being received from either party as to the specific amount, the guidelines are computed as to the total amount of the conspiracy."

At the sentencing hearing, Gilliam admitted that as part of his involvement in the *Greear* conspiracy he purchased approximately 855 grams of cocaine. However, he denied any involvement in the Castrillon conspiracy, stating that he pled guilty to that indictment because the Government refused to enter into a plea agreement unless he pled guilty to both the Greear and Castrillon conspiracies. The Government requested that the court impose a ten-year sentence, relying on the minimum sentence provided for in the plea agreement. Responding to questions by the district court concerning the effect of Gilliam's denial of responsibility for any amount of cocaine associated with the Castrillon indictment, the Government requested a continuance in

order to present evidence on the amount of cocaine for which Gilliam should be held responsible. Alternatively, the Government pointed to Gilliam's plea of guilty to the indictment which charged his involvement in a conspiracy that was responsible for the distribution of 30 or more kilograms of cocaine. Rejecting the requests by the Government to be given the opportunity to present evidence, the court concluded that while it had "no evidence today as to amount" of cocaine attributable to Gilliam from the Castrillon conspiracy, it had no choice other than to assign the amount alleged in the indictment, 30 kilograms, to Gilliam for his involvement in that conspiracy.

## II.

The sentences imposed for drug offenses are influenced significantly by the quantity of illicit drugs involved. *See* U.S.S.G. § 2D1.1(c). The guidelines provide that relevant conduct shall be determined on the basis of "all acts and omissions committed or aided and abetted by the defendant, or for which the defendant would be otherwise accountable, that occurred during the commission of the offense of conviction." U.S.S.G. § 1B1.3(a)(1). The commentary to section 1B1.3 further provides that in conspiracies involving drug offenses the quantity for which each individual participant will be held accountable may vary:

> Because a count may be broadly worded and include the conduct of many participants over a substantial period of time, the scope of the jointly-undertaken criminal activity, and hence relevant conduct, is not necessarily the same for every participant. Where it is established that the conduct was neither within the scope of the defendant's agreement, nor was reasonably foreseeable in connection with the criminal activity the defendant agreed to jointly undertake, such conduct is not included in establishing the defendant's offense level under this guideline.

U.S.S.G. § 1B1.3, comment. (n. 1). Accordingly, in order to attribute to a defendant for sentencing purposes the acts of others

in jointly-undertaken criminal activity, those acts must have been within the scope of the defendant's agreement and must have been reasonably foreseeable to the defendant. *Id.* Thus, one participant in a multi-participant drug conspiracy may be held accountable, for sentencing purposes, for a greater or lesser quantity of drugs than other coparticipants. This potential differentiation among coparticipants is consistent with the multiple purposes articulated in the Sentencing Reform Act. *See* 18 U.S.C.A. § 3553(a) (West 1985 & Supp. 1992). This does not mean that in order for a participant to be held accountable for the total amount of drugs attributed to the conspiracy as a whole that the participant must necessarily be at the apex of the criminal organization. It does mean that a court should focus on the language of the commentary that describes conduct that is "reasonably foreseeable in connection with the criminal activity the defendant agreed to jointly undertake." U.S.S.G. § 1B1.3, comment. (n. 1).

■ When the amount of drugs for which a defendant is to be held responsible is disputed, the district court must make an independent resolution of the factual issue at sentencing. *See* U.S.S.G. § 6A1.3(b). The Government bears the burden of proving by a preponderance of the evidence the quantity of drugs for which a defendant should be held accountable at sentencing. *United States v. Goff,* 907 F.2d 1441, 1444 (4th Cir.1990). This burden can be met in several ways. For example, it may be met by a defendant's acknowledgment during the Rule 11 colloquy or sentencing proceedings that the amount set forth in the indictment or alleged by the Government is correct. It may be met when a defendant, without reserving his right to challenge the amount for sentencing purposes, pleads guilty to an indictment that attributes a specific quantity of drugs to the defendant.[3] Alternatively, it may be met by a stipulation of the parties that the court

determines to have a reasonable factual basis. *See* U.S.S.G. § 6B1.4(a). And, the Government carries its burden if a defendant fails to properly object to a recommended finding in a presentence report that the court determines to be reliable. *See United States v. Terry,* 916 F.2d 157, 162 (4th Cir.1990). Additionally, the Government may meet its burden by presenting evidence that the court deems sufficient to establish the quantity of drugs attributable to a defendant. *See* U.S.S.G. § 6A1.3(a). Here, none of these methods support the determination made by the district court of the amount attributable to Gilliam.

■ First, the quantity of cocaine for which Gilliam acknowledged responsibility during the plea proceedings fell far short of the quantity found by the sentencing court. Gilliam was never asked about, and did not volunteer, his responsibility for any amount of cocaine during the plea colloquy. As discussed further below, his guilty plea, in and of itself, did not, in this instance, amount to an admission of his responsibility for 30 kilograms of cocaine. Additionally, Gilliam's failure to object to the recitation of evidence by the Government did not amount to an admission of accountability for a fixed quantity of cocaine because the evidence presented did not attribute a particular amount of cocaine to him.

■ Second, the district court did not properly base its finding on the quantity of cocaine described in the indictment. The Castrillon indictment charged that nine co-conspirators, including Gilliam, "combined, conspired and agreed together" with 19 unindicted participants over a three-year period to distribute or to possess with the intent to distribute 30 kilograms or more of cocaine. But, this generally worded indictment did not identify or ascribe any specific amount attributable to Gilliam as op-

---

**3.** Thus, the dissent mischaracterizes our position when it states that the majority has established "a *per se* rule" that "a plea of guilty *may not,* on its own, constitute proof of any fact alleged in the indictment." To the contrary, a plea of guilty to an indictment that alleges an

amount of drugs attributed to a defendant, without a reservation by the defendant of the right to challenge the quantity of drugs attributable to him, will be sufficient for a finding by the court that the alleged quantity should in fact be attributed.

posed to the conspiracy as a whole.[4] Thus, while a plea of guilty to an indictment containing an allegation of the amount of drugs for which a defendant is responsible may, in the absence of a reservation by the defendant of his right to dispute the amount at sentencing, constitute an admission of that quantity for sentencing purposes, Gilliam's indictment did not make any such attribution. Moreover, recognition by the Government and defense counsel following the plea colloquy that the amount of cocaine attributable to Gilliam and several of his coconspirators remained unresolved strongly supports Gilliam's position.

Third, the recommended finding contained in the presentence report does not support the determination by the district court, and had the court relied on this recommended finding, we believe the sentencing court would have committed an abuse of discretion. *See United States v. Terry*, 916 F.2d 157, 160 (4th Cir.1990). The *Terry* court held that the presentence report may form the basis for the factual findings by the district court on disputed factual issues unless the defendant shows "that the information in the presentence report is unreliable, and articulate[s] the reasons why the facts contained therein are untrue or inaccurate." 916 F.2d at 162. "The burden is on the defendant to show the inaccuracy or unreliability of the presentence report." *Id.*

 Gilliam filed a written objection to the recommended finding of the amount of cocaine for which he should be held responsible. In the addendum to the presentence report responding to Gilliam's objection, the probation officer charged with writing the presentence report acknowledged that the amount of drugs could not be determined based on the information provided

by the Government and stated that the recommended finding was based on the amount alleged in the indictment for the entire conspiracy. At sentencing, defense counsel examined the probation officer on the basis for the recommended finding, and a review of this testimony indicates that the probation officer did not have sufficient information to permit a reasoned estimate of the quantity of drugs attributable to Gilliam. Therefore, we believe that Gilliam made a showing sufficient to sustain his burden under *Terry*. Because the presentence report lacked "sufficient indicia of reliability to support its probable accuracy," U.S.S.G. § 6A1.3(a), acceptance of its conclusions by the district court would have amounted to an abuse of discretion, *see Terry*, 916 F.2d at 160.

Finally, the record before us demonstrates that the district court lacked sufficient evidence on which to make an independent determination of the amount of cocaine for which Gilliam should have been held responsible. At sentencing, the Government initially sought to rely upon the plea agreement, which contemplated that the minimum sentence which the court could impose upon Gilliam was ten years, and the fact that Gilliam pled guilty to an indictment alleging his involvement in a conspiracy that had distributed 30 kilograms or more of cocaine. Subsequently, it offered on several occasions during sentencing to present evidence of Gilliam's involvement in the Castrillon conspiracy if the district court believed the evidence was necessary. Because the court elected to sentence Gilliam based on the amount set forth in the indictment and declined to permit the Government to present evidence, there was no basis on which the court could make the determination required by U.S.S.G. § 1B1.3(a)(1).

---

**4.** In fact, prior to sentencing Castrillon, the district court conducted an evidentiary hearing and determined that 85 kilograms should be attributed to him. Castrillon pled guilty to the *same* indictment that alleged the conspiracy as a whole was responsible for distributing 30 kilograms *or more* of cocaine. Other coconspirators named in the indictment were held responsible for far less than the 30 kilograms referenced in the indictment to have been distributed by the conspiracy. For example, one coconspirator, Willis Eugene Harvey, was sentenced to 97 months, having been assigned a quantity of at least 3.5 kilograms but not more than 5 kilograms of cocaine.

Accordingly, we vacate Gilliam's sentence and remand for resentencing. On remand, the Government shall be afforded the opportunity to present evidence regarding the Castrillon conspiracy with respect to the quantity for which it asserts Gilliam should be held accountable. After Gilliam is provided an opportunity to rebut any evidence relied on by the Government, the district court shall make an independent factual determination and impose a sentence consistent with its finding.[5]

VACATED AND REMANDED.

WIDENER, Circuit Judge, dissenting:

The majority today holds that a defendant's plea of guilty to an indictment alleging participation in a conspiracy to distribute at least thirty kilograms of cocaine constitutes insufficient evidence that the defendant in fact was involved with and responsible for that amount of cocaine. Because I am of opinion that this rule is contrary to logic and is not required by law, I respectfully dissent.

## I.

Crucial to the majority's position is its premise that a plea of guilty *may not,* on its own, constitute proof of any fact alleged in the indictment. I find nothing to authorize such a *per se* rule. That a plea of guilty admits all formal elements of a criminal charge is clear; however, it is not true that the effect of a guilty plea is *limited* as a matter of law to such formal elements. The United States Supreme Court appears never to have decided the precise issue before us in the present context. The Court has, however, spoken to the nature of the factual admission embodied in a plea of guilty. First, in *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the Court stated that "because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *McCarthy,* 394 U.S. at 466, 89 S.Ct. at 1171 (footnote omitted). *McCarthy* did not involve the issue of the extent to which a guilty plea constitutes a factual admission; indeed the foregoing statement was the only mention of the issue. This language in no way suggests that the evidentiary effect of a guilty plea is limited to the formal elements of the charge.

More recently, in *United States v. Broce,* 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), the Court examined the preclusive effect of a guilty plea in a later, collateral (Rule 35) challenge to a sentence. Although, again, the facts in *Broce* are not precisely the same as those of the instant case, the wording of *Broce* rather plainly states that the factual admissions worked by entry of a guilty plea may indeed extend beyond the text of the relevant criminal statute:

> In holding that the admissions inherent in a guilty plea "go only to the acts constituting the conspiracy," the Court of Appeals misapprehended the nature and effect of the plea. A guilty plea "is more than a confession which admits that the accused did various acts." It is an "admission that he committed the crime charged against him." *By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment;* he is admitting guilt of a substantive crime.

*Broce,* 488 U.S. at 570, 109 S.Ct. at 762 (citations omitted) (emphasis added). In light of this language I am of opinion that today's result is not only not required by precedent; rather, the contrary is true if we follow the language in *Broce.* Indeed, even with the italicized language aside, *Broce* held that two defendants were not permitted to prove there was one conspiracy when they had pleaded guilty to two. While *Broce* may not be precisely on point,

---

**5.** If, on remand, the Government chooses not to present evidence, Gilliam should be sentenced to 120 months imprisonment, the minimum sentence for which he bargained in the plea agreement.

I suggest it is so nearly so that a departure from it is unsound.

This is not a case in which the district court held the defendant responsible for quantities of drugs derived from charges in the indictment on which he was not convicted. And it is not a case in which the defendant has reserved in a plea agreement or otherwise the right to contest the amount of drugs involved. Neither of such set of facts applies here. Rather this is a case in which the district court attributed to the defendant the amount of drugs that was clearly shown in the charge of the indictment to which the defendant in fact pleaded guilty.* The Third Circuit had a case on facts indistinguishable from those here in *United States v. Parker*, 874 F.2d 174 (3rd Cir.1989). In that case the defendant argued that the evidence derived from the indictment of the value of stolen items that the district court used to calculate his base offense level was insufficient. The defendant pleaded guilty to stealing 122 pieces of mail valued at approximately $22,-500.00, as stated in his indictment and plea agreement. *Parker*, 874 F.2d at 175. He argued, however, that he was responsible only for stealing forty-five pieces of mail that were valued much less, thereby lowering his base offense level. *Parker*, 874 F.2d at 175–76. The court, rejecting his argument, stated, "[i]t is well recognized that by pleading guilty a defendant admits the material facts alleged in the charge," and held that "[the defendant's] plea of guilty admitted the value for purposes of his sentence and no further proof or stipulation was required." *Parker*, 874 F.2d at 178 (citations omitted). To the same effect is *United States v. Johnson*, 888 F.2d 1255 (8th Cir.1989) which follows *Parker* and holding that defendant's guilty plea admitted "the material facts alleged in the charge." 888 F.2d at 1256.

---

* This distinguishes the *Smith* line of cases in the Sixth Circuit, which holds that conduct relating to dismissed charges may not be attributed to the defendant in sentencing without "some evidentiary basis beyond mere allegation in an indictment." *United States v. Smith*, 887 F.2d 104, 108 (6th Cir.1989). The evidentiary requirement the majority believes is indispensable for attributing relevant conduct to a defendant is not necessary where, as here, the facts used at the sentencing of the defendant were derived from the charges in the indictment to which he actually pleaded guilty.

## II.

In summary and so that my position will not be misunderstood, the indictment provides in pertinent part as follows:

### COUNT I

The Grand Jury charges:

A. From the end of 1985 and continuing through October, 1988, in the Western Judicial District of Virginia and elsewhere, ... Edward B. Gilliam, Jr., ... [and others named] knowingly combined, conspired and agreed together and along with unindicted co-conspirators ... [naming them] to distribute or to possess with intent to distribute *at least thirty (30) kilograms* or more of a mixture of substance containing a detectible amount of cocaine, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code.... (italics added)

To this charge in the indictment, the defendant, Gilliam pleaded guilty.

The district judge found that Gilliam should be charged in sentencing with the thirty kilograms specifically charged in the indictment to which Gilliam had pleaded guilty.

To hold, as the majority does, that "... there was no basis to support the conclusion of the district court that [Gilliam] ... should be held accountable, for sentencing purposes, for 30 kilograms of cocaine" (at 1010), I think is error.