60 F.3d 826
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Clell WHITSON, Defendant-Appellant.
 No. 94-5455.
 United States Court of Appeals, Fourth Circuit.
 Submitted: December 20, 1994.
Decided: July 7, 1995.
 
 Stanford K. Clontz, Baley, Baley & Clontz, P.A., Asheville, NC, for Appellant. Mark T. Calloway, United States Attorney, Kenneth D. Bell, First Assistant United States Attorney, Charlotte, NC, for Appellee.
 Before HALL and WILKINSON, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Charles Clell Whitson pled guilty to distribution of cocaine, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1995) and received a sentence of thirty months. He contests this sentence, alleging that the district court's determination of his relevant conduct was inadequate and inaccurate. We vacate the sentence and remand for resentencing.
 
 
 2
 Whitson distributed a small amount of cocaine to Olin Childers in April 1992. It was a controlled buy made to corroborate information Childers had provided to narcotics investigators with whom he was cooperating. Childers told authorities that, while he lived with Whitson in 1988 and 1989, Whitson obtained more than one kilogram of cocaine from a source in Georgia, and gave it to Childers, who sold it.
 
 
 3
 The real focus of the investigation in which Childers was cooperating was a cocaine trafficking conspiracy run by Javier Cruz from 1981 to March 1991. Cruz, who was also cooperating, informed the agents that he had distributed ten to twelve kilograms of cocaine to Whitson prior to 1987. Based on this information, after Whitson's plea to one count of cocaine distribution, the probation officer recommended a base offense level of thirty-two (5-15 kilograms of cocaine). United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1 (Nov.1993). The recommended amount of cocaine exposed Whitson to a mandatory minimum sentence of ten years for an offense involving more than five kilograms of cocaine. 21 U.S.C.A. Sec. 841(b)(1)(A).
 
 
 4
 Whitson objected, claiming that, whatever he may have done in connection with the Cruz conspiracy, the April 1992 distribution to Childers was neither part of the same course of conduct nor a common scheme or plan, and should not be considered relevant conduct.
 
 
 5
 In drug offenses, uncharged conduct may be used to calculate the sentence if it part of a common scheme or plan or part of the same course of conduct as the offense of conviction. USSG Sec. 1B1.3(a)(2).
 
 
 6
 At the sentencing hearing, a North Carolina Bureau of Investigation agent testified about the amounts of cocaine with which Whitson was involved. His testimony was based on information received from Cruz, Childers, and Lance Lewis, another conspirator to whom Whitson sold small quantities of cocaine before December 1991. The agent testified that Cruz distributed ten to twelve kilograms of cocaine to Whitson before 1987, sometimes as much as half a pound at a time, and that in 1988 and 1989 Whitson obtained cocaine from a source in Georgia and distributed "multiple kilograms" to Childers. Whitson did not present any evidence concerning the drug amount attributable to him, but argued that the April 1992 distribution to Childers had no relation to the prior activity alleged in the presentence report. The government contended that all the amounts described in the presentence report were part of the same course of conduct.
 
 
 7
 In summary fashion, the district court decided that ten to twelve kilograms of cocaine were attributable to Whitson as relevant conduct and adopted the recommendations in the presentence report. It then departed on the government's motion pursuant to guideline section 5K1.1, p.s. and imposed a sentence of thirty months. On appeal, Whitson claims that the district court clearly erred in determining that the cocaine he received from Cruz was relevant conduct, and that the court made inadequate findings in resolving the issue.
 
 
 8
 The sentencing court must resolve any dispute concerning the amount of drugs for which the defendant is held responsible, making clear the basis for its ruling. United States v. Walker, 29 F.3d 908, 911-13 (4th Cir.1994); United States v. Gilliam, 987 F.2d 1009, 1012-14 (4th Cir.1993). In determining whether uncharged conduct is part of the same course of conduct as the offense of conviction, the important elements are similarity, regularity, and temporal proximity. United States v. Mullins, 971 F.2d 1138, 1144 (4th Cir.1992). The sentencing court should look for a strong presence of at least one of the elements if one or more of them is not present at all. Id. Because we are unable to discern the basis for the district court's ruling concerning Whitson's relevant conduct, we are obliged to vacate the sentence and remand the case. On remand, the district court should first make a factual determination, employing the criteria set out in Mullins, as to whether Whitson's cocaine purchases from Cruz are relevant conduct. The issue is a important one, because, if it is resolved in Whitson's favor, he may be susceptible to a five-year, instead of a ten-year, mandatory minimum sentence. Although the sentence originally imposed was less than five years, if the sentencing court calculated the departure as a set percentage of the mandatory minimum, it needed to ensure that it was proceeding from the correct premise.
 
 
 9
 Of course, if the court determines that the Cruz amounts are relevant conduct, or if it believes that it should not depart below thirty months in any event, it is free to reimpose the previous sentence. The court should make clear, however, whether any downward departure is based on a set percentage of the minimum sentence as finally determined.
 
 
 10
 Accordingly, the sentence is vacated and the case is remanded for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED