**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 97-4095

DOUGLAS WINSLOW COPNEY,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-95-132)

Submitted: April 21, 1998

Decided: June 22, 1998

Before WILKINS and LUTTIG, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant. Mark T. Calloway, United States
Attorney, William Boyum, Assistant United States Attorney, Ashe-
ville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Douglas Winslow Copney was convicted by a jury of conspiracy to possess with intent to distribute and to distribute cocaine base in violation of 21 U.S.C. § 846 (1994). He was sentenced to 188 months' imprisonment and five years' supervised release. He timely appeals both his conviction and sentence. We affirm.

Copney first contends that the evidence was insufficient to establish that he was part of a conspiracy to distribute narcotics. We review sufficiency of the evidence claims de novo, sustaining the verdict if the evidence, when viewed in the light most favorable to the government, is such that any rational trier of fact could find guilt beyond a reasonable doubt. See United States v. Burgos , 94 F.3d 849, 862 (4th Cir. 1996) (in banc), cert. denied, #6D6D 6D# U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868); United States v. Johnson, 54 F.3d 1150, 1153 (4th Cir. 1995). The appellate court must not analyze each piece of evidence in isolation, but must base its review on the complete picture that the evidence presents, bearing in mind that credibility determinations are the province of the jury and are not subject to review. See Burgos, 94 F.3d at 863.

In a conspiracy prosecution, the government must prove that there is an agreement between two or more persons, and an intent to do an unlawful act. See id. at 860. A conspiracy is generally proved by circumstantial evidence, id. at 857-58, which "may consist of a defendant's `relationship with other members of the conspiracy, the length of this association, [the defendant's] attitude [and] conduct, and the nature of the conspiracy.'" Id. at 858 (quoting United States v. Collazo, 732 F.2d 1200, 1205 (4th Cir. 1984)). A defendant may be a member of a conspiracy without knowing its full scope, all of its members, or taking part in all of its activities. See Johnson, 54 F.3d at 1154 (quoting United States v. Banks, 10 F.3d 1044, 1054 (4th Cir.

2

1993)). "A defendant need not have had knowledge of his coconspirators, or knowledge of the details of the conspiracy." Brooks, 957 F.2d at 1147 (citations omitted).

Copney alleges that the evidence did not establish a conspiracy; rather, he contends that the evidence established that he associated with co-defendant Richard Darity and sold drugs to two different people on several occasions. However, the Government's evidence establishing the conspiracy consisted of the testimony of several admitted drug dealers who testified that they bought crack from Darity and Copney. Government witness Irwin Benjamin testified that he obtained drugs for distribution from Copney over a time period of several months, and that he saw Copney at Darity's house multiple times. Oric Coleman testified that he purchased drugs from Copney about twice per month and that on two occasions, he purchased drugs from Copney at Darity's house. Coleman also testified that most of the times when he went to Darity's house, Copney was there. In addition, Coleman stated that he heard Copney and Darity talking about purchasing drugs. Government witness Leroy Darity, Richard Darity's cousin, testified that he purchased drugs from Darity. He saw Copney at Richard Darity's house approximately fifteen times and overheard conversations between Darity and Copney on approximately ten occasions; in those conversations, Darity instructed Copney to deliver crack to various people. In light of this evidence, we find that the evidence was sufficient to convict Copney of conspiracy to possess with intent to distribute and to distribute cocaine base. See Burgos, 94 F.3d at 862.

Copney next contends that the district court erroneously admitted hearsay statements under Fed. R. Evid. 801(d)(2)(E). At trial and over defense objections, Benjamin testified that alleged drug dealer Freddie Hill stated that he had gotten drugs from Darity. Hill did not testify. Copney contends that admission of this hearsay testimony was improper because the Government never established a conspiracy between Hill and Benjamin or between Hill and Copney as required by Rule 801(d)(2)(E).

We review the district court's evidentiary rulings for an abuse of discretion. See United States v. Brooks, 111 F.3d 365, 371 (4th Cir. 1997). "In order to find a district court's error harmless, we need only

3

be able to say with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." Id. (citation omitted). Without deciding whether the district court erred by admitting Benjamin's hearsay testimony into evidence in violation of Rule 801(d)(2)(E), we find that any such error was harmless. There was no mention of Hill's drug dealings with Darity other than Benjamin's isolated remark, and there was an overwhelming amount of evidence establishing that Copney was conspiring with Darity to distribute drugs. Accordingly, we find that any error was harmless. See Brooks, 111 F.3d at 371.

Next, Copney claims that he should not have been held accountable at sentencing for 500 grams of cocaine base because the evidence at trial did not establish that amount. The Government bears the burden of proving by a preponderance of the evidence the quantity of drugs for which a defendant is to be held responsible at sentencing. See United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993). The district court's factual determination concerning the amount of drugs attributable to an appellant should be upheld absent clear error. See United States v. Lamarr, 75 F.3d 964, 972 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3309 (U.S. Oct. 21, 1996) (No. 95-9398); United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994). In addition, the district court is afforded broad discretion as to what information to credit in making its calculations. See United States v. Falesbork, 5 F.3d 715, 722 (4th Cir. 1993). Finally, as a member of the conspiracy, Copney is accountable for all of the drugs reasonably foreseeable to him. See United States v. Irvin , 2 F.3d 72, 78 (4th Cir. 1993); Gilliam, 987 F.2d at 1012-13.

Over the objections of defense counsel, the district court found Copney responsible for possession of more than 500 grams of cocaine base. The court's decision was based on the testimony at trial and the testimony at sentencing of an FBI agent. At trial and sentencing, the agent's testimony established that Copney personally sold: (1) at least 198 grams of crack cocaine to Benjamin; (2) 226.8 grams of crack cocaine to Oric Coleman; and (3) multiple ounce-quantities of crack cocaine to Leroy Darity, Freddie Hill, and Dante Mosley, individually.* Thus, we find that the district court did not clearly err when it

_____

*The Sentencing Guidelines state that one ounce of crack is equivalent to 28.35 grams. See U.S. Sentencing Guidelines Manual § 2D1.1(c) (Measurement Conversion Table) (1997).

4

determined that the Government had proven by a preponderance of the evidence that more than 500 grams of cocaine base were attributable to Copney. See Lamarr, 75 F.3d at 972.

Finally, Copney contends that the Government failed to establish by a preponderance of the evidence that the substance he distributed was crack cocaine. See United States v. James , 78 F.3d 851, 857-58 (3d Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3259 (U.S. Oct. 7, 1996) (No. 95-9224). Although the Government had no drug samples to test and present into evidence, the Government established that Copney distributed crack cocaine through the testimony of the "expert" drug dealers. See United States v. Hall, 109 F.3d 1227, 1236 (7th Cir. 1997), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3258 (U.S. Oct. 6, 1997) (No. 96-9561) (finding sufficient the testimony of numerous lay witnesses who identified the substance defendants distributed to them as crack cocaine); United States v. Cantley, 130 F.3d 1371, 1379 (10th Cir. 1997), cert. denied, ___ U.S. ___, 1998 WL 19480 (U.S. Feb. 23, 1998) (No. 97-7468) (finding no error in the district court's reliance on the testimony of witnesses concerning their personal drug transactions with the defendant to identify the substance as crack cocaine). Benjamin testified that Copney sold crack cocaine to him. He also stated that he never sold anything but crack cocaine and that none of his customers ever complained that the substance Benjamin sold to them was anything other than crack. Coleman also testified that he bought crack cocaine from Copney, and Leroy Darity testified that he bought crack cocaine from Darity and overheard Darity and Copney discussing delivery of crack cocaine. Finally, Benjamin and Coleman testified that they bought crack cocaine from Copney in a large rock and then cut the rock down themselves for resale. In sum, there was sufficient evidence in the record to support, by a preponderance of the evidence, that the substance at issue was crack cocaine, especially considering that there was no evidence to the contrary. See Hall, 109 F.3d at 1236; Cantley, 130 F.3d at 1379.

Accordingly, we affirm Copney's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and oral argument would not aid the decisional process.

AFFIRMED

5