**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 97-4949

WAYNE ALLEN RITTER, a/k/a Pop,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-97-367)

Submitted: June 30, 1998

Decided: August 7, 1998

Before MURNAGHAN, WILKINS, and HAMILTON,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Nathaniel Roberson, NATHANIEL ROBERSON, ESQUIRE, Colum-
bia, South Carolina, for Appellant. J. Rene Josey, United States Attor-
ney, Jane B. Taylor, Assistant United States Attorney, Christopher W.
Seybolt, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Wayne Allen Ritter pled guilty to conspiracy to possess cocaine base ("crack") with intent to distribute, 21 U.S.C. § 846 (1994), and received a sentence of ten years imprisonment. He appeals his sentence, contending that the district court clearly erred in finding that he was responsible for more than 50 grams of crack, thus exposing him to the ten-year statutory minimum sentence, see, 21 U.S.C.A. § 841(b)(1)(A)(iii) (West 1981 & Supp. 1998), and clearly erred in finding that he did not have a mitigating role in the offense, see USSG § 3B1.2.* We affirm.

In August 1995, authorities in Columbia, South Carolina, began investigating a crack distribution ring. Four individuals were eventually identified as conspirators, including Wayne Ritter. In November 1996, Richard Walker promised Ritter $50 to deliver a package of crack. Ritter delivered four cookies of crack to an undercover agent and a confidential informant. After his arrest and guilty plea, Ritter maintained that he was a crack addict and had been involved in only one other drug sale with another conspirator.

When the crack was seized, it was still wet and weighed 57 grams. When it was later analyzed, it weighed 50.16 grams but was described in the lab report as cocaine because there had been an incomplete conversion to cocaine base. Ritter argued at sentencing that only 88% of the substance seized should be treated as crack under the formula approved in United States v. Paz, 927 F.2d 176, 180 (4th Cir. 1991); see also United States v. Ricco, 52 F.3d 58, 63 (4th Cir. 1995). In Paz, the substance seized was cocaine powder which the defendants intended to cook into crack. Application of the Paz formula to 50.16 grams would have brought the amount of crack below 50 grams and

_____

*U.S. Sentencing Guidelines Manual (1997).

2

subjected Ritter to a five-year mandatory minimum rather than a ten-year mandatory minimum. However, the district court determined that the substance was crack, though "slightly undercooked," and that Ritter had delivered more than 50 grams of crack because a complete chemical conversion would not have reduced the weight below 50 grams.

When the amount of drugs for which a defendant is responsible is in dispute, the government must prove the amount by a preponderance of the evidence. See United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993). For sentencing guideline purposes, "crack" means a form of cocaine base which usually appears in a lumpy, rocklike form. See USSG § 2D1.1(c), Note (D). Here, cocaine powder had been cooked enough to achieve the hard, rocklike form. There was no dispute that the conspirators intended to distribute crack, not powder cocaine. In fact, Ritter stated at sentencing that he hoped to get some crack from Walker. Because Ritter and Walker conspired to, attempted to, and intended to distribute more than 50 grams of crack to the agent and the informant, Ritter's sentence was properly determined under the crack guideline. See USSG§ 2D1.1, comment. (n.12) (drugs the defendant attempts to sell are properly considered in determining the sentence). See also 21 U.S.C. § 846 (attempt or conspiracy is subject to same penalty as offense which is object of attempt or conspiracy).

Ritter argued at sentencing that he was merely a crack addict who was a minor participant in the conspiracy. The court rejected Ritter's claim, holding that his role need not be considered because Ritter was being held responsible only for the crack he delivered to the agent, rather than all reasonably foreseeable amounts distributed by his co-conspirators. As Ritter argues on appeal, this approach is contrary to that prescribed in the sentencing guidelines. Both USSG § 1B1.3(a) and the introductory commentary to Chapter Three, Part B (Role in the Offense) provide that a defendant's role is to be determined on the basis of all relevant conduct. However, the error is harmless because a downward role adjustment would not have benefitted Ritter. His guideline range was 120-135 months. Even without the adjustment, he received the lowest sentence possible, given that he was subject to the ten-year statutory minimum sentence.

3

Accordingly, we affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED