**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 97-4712

CHAUNCY DONZELLOS MOUZONE,
B/M,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Charles E. Simons, Jr., Senior District Judge.
(CR-97-302)

Submitted: February 26, 1999

Decided: May 17, 1999

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John D. Clark, HASKELL & CLARK, Sumter, South Carolina, for
Appellant. J. Rene Josey, United States Attorney, Cameron G. Chan-
dler, Assistant United States Attorney, Columbia, South Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Chauncy Mouzone of conspiracy to possess with intent to distribute cocaine and marijuana. On appeal, Mouzone alleges that the district court should have directed a verdict in his favor or reduced his indictment because the evidence was insufficient to show that he intended to possess five or more kilograms of cocaine. Mouzone also alleges that the district court erred in its calculation of the amount of drugs attributable to him for sentencing purposes and by allowing the Government to read the transcript of an audiotape to the jury. Finding no error, we affirm.

As part of a reverse sting operation, a confidential informant approached Antoine Thurman stating that he knew someone with a large quantity of drugs to sell and asking whether Thurman could help him find a buyer. Thurman agreed and engaged in numerous telephone conversations with the "seller," who was actually an undercover DEA agent. Thurman eventually negotiated the "sale" of ten kilograms of cocaine and 500 pounds of marijuana. Thurman and Mouzone arrived at the meeting place to complete the transaction, but it was aborted after Thurman and Mouzone demanded to see the drugs before showing agents the money. Thurman eventually set up another buy, and he, Mouzone, and two unidentified co-conspirators met the informant and another undercover DEA agent. The agent observed sufficient cash to purchase at least half of the drugs, but not the whole amount. The agent informed Mouzone of this fact, and Mouzone stated that he would settle for five kilograms of cocaine. The evidence also showed that Mouzone informed the agent that he was looking for a steady source for cocaine. The agent then gave the arrest signal, and Thurman and Mouzone were arrested.*

_____

*The other two co-conspirators escaped with a majority of the purchase money and were never apprehended.

2

Mouzone's first two issues center around his belief that he should not have been convicted or sentenced for conspiring to possess five or more kilograms of cocaine because the amount of money present at the transaction was insufficient to purchase the agreed upon amount of drugs. We review the district court's denial of Mouzone's motion for judgment of acquittal de novo, employing the same standard used to review challenges to the sufficiency of the evidence. See United States v. Steed, 674 F.2d 284, 286 (4th Cir. 1982). As a result, we must decide whether any rational trier of fact, viewing the evidence in the light most favorable to the Government, could have found Mouzone guilty beyond a reasonable doubt. See United States v. Campbell, 977 F.2d 854, 856 (4th Cir. 1992).

Contrary to Mouzone's conclusory allegations, the amount of drugs involved is purely a sentencing matter and not a substantive element of the offense. See United States v. Dorlouis , 107 F.3d 248, 252 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3861 (U.S. June 27, 1997) (No. 96-9103). Therefore, his claim, standing alone, provided an insufficient basis upon which to grant his motion. More importantly, the evidence was clearly sufficient to support his conspiracy conviction. The original deal negotiated was for the sale of ten kilograms of cocaine and 500 pounds of marijuana. Moreover, Mouzone told the undercover agent that he was looking for a steady supplier of drugs. In the end, he negotiated for the purchase of five kilograms of cocaine when the agent informed him that he did not have enough money to complete the original deal.

We review the district court's factual determination concerning the amount of drugs attributable to Mouzone for sentencing for clear error and find none here. See United States v. Lamarr , 75 F.3d 964, 972 (4th Cir. 1996). As a member of a conspiracy, Mouzone was accountable for all of the drugs reasonably foreseeable to him. See United States v. Irvin, 2 F.3d 72, 78 (4th Cir. 1993); United States v. Gilliam, 987 F.2d 1009, 1012-13 (4th Cir. 1993). The evidence clearly showed that Mouzone conspired with Thurman and others to purchase ten kilograms of cocaine and 500 pounds of marijuana, and when there was insufficient cash to complete that purchase, Mouzone attempted to salvage the deal by offering to pay for five kilograms of cocaine. As a result, the district court's finding that Mouzone was accountable for five or more kilograms of cocaine was not clearly erroneous.

Finally, it is well settled that the decision "to allow the use of transcripts to aid in the presentation of tape recorded evidence is within the district court's sound discretion." <u>United States v. Capers</u>, 61 F.3d 1100, 1107 (4th Cir. 1995) (citation omitted). We find no abuse of that discretion here. Mouzone had the opportunity to challenge the accuracy of the transcripts through cross-examination. In addition, the court gave a proper limiting instruction.

Accordingly, we affirm Mouzone's conviction and sentence. The Government's motion to decide the case on the briefs is granted. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4