**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 99-4382**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WENDELL ANTHONY JACKSON, a/k/a Wendell Jackson,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Richard L. Voorhees, District Judge.  (CR-97-184)

---

Submitted:  November 30, 1999          Decided:  December 10, 1999

---

Before MICHAEL, MOTZ, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Randolph Marshall Lee, Charlotte, North Carolina, for Appellant. Mark T. Calloway, United States Attorney, Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Wendell Anthony Jackson appeals the 262-month sentence he received after his guilty plea to conspiracy to possess with intent to distribute and distribute cocaine and crack, 21 U.S.C. § 846 (1994). He contends that the district court erred in accepting hearsay evidence presented by the government at sentencing concerning both the amount of drugs attributable to him and an enhancement for possession of a firearm during the offense, see U.S. Sentencing Guidelines Manual § 2D1.1 (1998), despite his own sworn testimony contradicting the government's evidence. He also contends that the weapon enhancement was not supported by any evidence that he carried a weapon during drug transactions. We affirm.

In response to Jackson's objections to the presentence report, the government presented testimony from a federal agent who summarized statements taken from co-conspirators charged in an earlier indictment. Jackson testified that he had been involved in the conspiracy, but had not possessed a firearm and had sold much smaller amounts than the government alleged. Under cross-examination, Jackson acknowledged that he falsely told the probation officer that he never used drugs and that he had been charged with possession of three ounces of cocaine in New Jersey eight months after the date he said he withdrew from the

- 2 -

conspiracy.[*] The district court credited the government's evidence over Jackson's testimony.

We find no error. The government has the burden of proving the amount of drugs attributable to a defendant by a preponderance of the evidence. See United States v. Cook, 76 F.3d 596, 604 (4th Cir. 1996). It may meet its burden in a variety of ways, including the presentation of evidence at sentencing. See United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993). The district court may consider hearsay evidence that has sufficient indicia of reliability to support its probable accuracy. See USSG § 6A1.3, p.s. Jackson contradicted the government's evidence, but gave the court no other reason to suspect the reliability of the government's information. The district court did not find Jackson's testimony credible, and such a credibility determination is within the discretion of the fact-finder, not the appeals court. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

The same analysis applies with respect to the firearm enhancement. Moreover, the government was not required, as Jackson contends, to link the 9 mm pistol that co-conspirators saw him carry directly to the drugs. See United States v. Harris, 128 F.3d

---

[*]Jackson, his brother, and another man were stopped in Jackson's girlfriend's car in Bergen County, New Jersey. Three ounces of cocaine and a small amount of marijuana were found in the car. Jackson was acquitted of the drug charge, but his brother was convicted.

850, 852 (4th Cir. 1997); USSG § 2D1.1, comment. (n.3).  Therefore, the enhancement was not clearly erroneous.

For the reasons discussed, we find that the district court did not err in crediting the government's evidence rather than Jackson's and accepting the recommendations in the presentence report.  We therefore affirm the sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED