UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.                                              No. 01-4190

LIGALI OYEFUSI,
              *Defendant-Appellant.*

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.                                              No. 01-4191

GODWIN C. ARINZECHI,
              *Defendant-Appellant.*

Appeals from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-99-367-AW)

Submitted: December 21, 2001

Decided: January 15, 2002

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Timothy J. Sullivan, College Park, Maryland; James Wyda, Federal
Public Defender, Daniel W. Stiller, Assistant Federal Public

Defender, Greenbelt, Maryland, for Appellants. Thomas M. DiBiagio, United States Attorney, Gina L. Simms, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

After a jury trial, Ligali Oyefusi and Godwin C. Arinzechi were convicted of conspiracy to defraud the government with respect to false and fraudulent claims in violation of 18 U.S.C.A. § 286 (West 2000). Oyefusi appeals his conviction, asserting that the trial court erred in allowing a co-conspirator to testify about an out-of-court statement made by another co-conspirator. Both Oyefusi and Arinzechi appeal from the sentences imposed, contending that the sentencing court erred in determining their base offense level with reference to the intended loss of the scheme, rather than using actual loss as was done with the other two conspirators who pled guilty. Finding no error, we affirm.

Oyefusi challenged the admission of co-conspirator Olufemi Oduwole's testimony that fellow conspirator Hyacinth Udegbe informed him that Oyefusi's activities had been discovered and that law enforcement agents had followed Oyefusi to his residence. Oyefusi argues that this statement was not made in furtherance of the conspiracy, because it was made after the main objectives of the conspiracy had been accomplished. We find no clear error in the trial court's factual finding that Udegbe's conversation with Oduwole occurred during the course of the conspiracy. *United States v. Blevins*, 960 F.2d 1252, 1255 (4th Cir. 1992) (providing standard). The conversation occurred when Oduwole discovered a subpoena issued to Oyefusi in the mailbox that had been opened in the course of the conspiracy and that Oduwole was checking for the receipt of tax refund checks issued based on false claims for refunds made by the conspirators.

The district court also properly determined that the conversation took place while the conspiracy was ongoing and for the purpose of concealment in furtherance of the main criminal objectives of the conspiracy, rather than merely covering up the activities after the conclusion of the conspiracy's goal. *See Grunewald v. United States*, 353 U.S. 391, 399-402, 405 (1957). Accordingly, we find no abuse of discretion in the trial court's admission, pursuant to Fed. R. Evid. 801(d)(2)(E), of testimony concerning the challenged conversation. *See United States v. Whittington*, 26 F.3d 456, 465 (4th Cir. 1994) (providing standard of review of admissibility determinations). Accordingly, we affirm Oyefusi's conviction.

Both Defendants challenge their sentences contending that, because the two cooperating co-conspirators were sentenced based on actual loss, use of "intended loss" in computing their sentences violated due process. However disparity in sentences between a defendant who stands trial and a co-defendant who pleads guilty is not reversal error. *United States v. Brainard*, 745 F.2d 320, 324 (4th Cir. 1984). Here, the probation officers preparing Oyefusi's and Arinzechi's presentence reports were able to compute an amount for the intended loss attributable to the conspiracy and that amount was greater than the actual loss. Therefore, the intended loss was appropriately used to determine the Defendants' base offense levels. *See U.S. Sentencing Guidelines Manual* § 2F1.1, comment. (n.8) (2000); *see also United States v. Foutz*, 865 F.2d 617, 622 (4th Cir. 1989) (sentencing court need not consider sentence of co-defendant when imposing sentence); *Brainard*, 745 F.2d at 324.

Oyefusi and Arinzechi also challenge the sentencing court's method of computing of the amount of intended loss, asserting that merely adding the face value of the fraudulent refund claims fails to account for the conspirators' acknowledgment that not all of the false tax returns would result in the issuance of refund checks. They also argue that the sentencing court erred in failing to consider the scope of each Defendant's conspiratorial liability. Because these issues were not raised at sentencing, we have reviewed these claims for plain error, *see United States v. Ford*, 88 F.3d 1350, 1355 (4th Cir. 1996), and find none. *See United States v. Wells*, 163 F.3d 889, 893 (4th Cir. 1998) (determining intended loss by face values of fraudulent financial instruments, without regard to whether instruments had been dis-

tributed); *United States v. Gilliam*, 987 F.2d 1009, 1012-13 (4th Cir. 1993) (holding co-conspirator responsible for reasonably foreseeable actions of co-conspirators done within scope of conspiracy).

In conclusion, we affirm Oyefusi's conviction and sentence and we affirm Arinzechi's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*