UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

FIDELINA DELA PAZ VANEGAS, a/k/a
Fidelina Dela Paz Santos, a/k/a
Fidelina Santos,
            *Defendant-Appellant.*

No. 01-4862

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Peter J. Messitte, District Judge.
(CR-00-219-PJM)

Submitted: June 19, 2002

Decided: July 1, 2002

Before WIDENER, WILKINS, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

R. William Hale, Silver Spring, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Daphene R. McFerren, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Fidelina Dela Paz Vanegas appeals from her 151-month sentence for conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C.A. § 846 (West 1999), and two counts of distribution of five grams or more of cocaine base, in violation of 21 U.S.C.A. § 841(a) (West 1999 & Supp. 2002). On appeal, Vanegas contends that the district court erred in attributing 167.6 grams of crack cocaine to her at sentencing. We have reviewed the record and find no error.

When the quantity of drugs to be attributed to the defendant is disputed, the government bears the burden of proving the amount by a preponderance of the evidence, and the district court must independently resolve the issue. *United States v. Gilliam*, 987 F.2d 1009, 1013 (4th Cir. 1993). To resolve the issue, the court is free to consider any relevant information that has sufficient indicia of reliability to support its probable accuracy. *U.S. Sentencing Guidelines Manual* § 6A1.3 (2000). The district court's factual findings on the weight of the drugs are reviewed for clear error. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999).

Vanegas argues that the 117 grams of crack cocaine the district court attributed to her based upon the testimony of Rafael Soriano is clear error. The district court relied upon the testimony of Soriano, who testified that for several years he purchased cocaine base from Vanegas on a regular basis. He testified that he purchased amounts in increasing quantities including: three and a half, seven, fourteen, thirty-one, and sixty-two grams each. We conclude that this testimony is sufficient to meet the Government's burden of proving drug amount by a preponderance of the evidence. To the extent that Vanegas challenges Soriano's testimony based upon his credibility, we cannot disturb the district court's credibility determination. *United States v.*

*Saunders*, 886 F.2d 56, 60 (4th Cir. 1989). We also do not find persuasive Vanegas' challenge to drug quantity attributed based upon the statements of Dr. Joseph Poirier, who evaluated Vanegas' children at her request.

We therefore find that the record does not reveal that the district court clearly erred in attributing 167.6 grams of crack cocaine to Vanegas and affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*