60 F.3d 825
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Gerald BURNS, a/k/a Gerry, Defendant-Appellant.
 No. 95-5061.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 22, 1995.
Decided July 14, 1995.
 
 Christina Monroe Smith, Sammons & Smith, Alexandria, VA, for appellant. Helen F. Fahey, U.S. Atty., Julie J. Shemitz, Sp. Asst. U.S. Atty., Alexandria, VA, for appellee.
 Before HALL, MURNAGHAN, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Gerald Burns was convicted by a jury of conspiracy to manufacture and to distribute phencyclidine (PCP), 21 U.S.C.A. Sec. 846 (West Supp.1995). He appeals his 121-month sentence on the ground that the district court failed to make adequate factual findings to support its determination that 96 ounces (2688 grams) of PCP were attributable to him as relevant conduct. United States Sentencing Commission, Guidelines Manual Secs. 1B1.3, 2D1.1 (Nov.1994). Finding no error, we affirm.
 
 
 2
 A number of co-conspirators testified at Burns' trial. The government's evidence showed, in pertinent part, that Burns and Robert Boyd Tharpe traveled from Virginia to Pennsylvania on March 7, 1994, and obtained five pints of bromobenzyne for Carleton Dodson. Burns was aware that Dodson intended to use the bromobenzyne to manufacture PCP, and expected to receive one ounce of the PCP Dodson was to manufacture, so that he could sell it. After providing the bromobenzyne to Dodson, Burns also gave Dodson a shirt and a pair of jeans so that Dodson could change into clean clothes after making the PCP. Dodson subsequently made 96 ounces of PCP and gave one ounce to Burns.* In April 1994, Burns made another trip to Pennsylvania for Dodson to obtain additional chemicals.
 
 
 3
 After Burns was convicted, the probation officer recommended that 96 ounces of PCP be attributed to him as relevant conduct. This resulted in a base offense level of 32, reduced to 29 because of Burns' minor role in the conspiracy. With a criminal history category of IV, Burns' recommended guideline range was 121-151 months. Burns objected that no more than one ounce of PCP was reasonably foreseeable to him, see USSG Sec. 1B1.3(a)(1)(B), comment. (n.2), because he had little experience with PCP, and did not know how much PCP
 
 
 4
 could be manufactured with the amount of bromobenzyne he delivered to Dodson. Based on the evidence at trial, the district court found that the entire 96 ounces were reasonably foreseeable to Burns, and sentenced him to 121 months.
 
 
 5
 On appeal, Burns contends that the district court's fact findings were inadequate because the court did not identify any evidence that Burns could foresee the manufacture of 96 ounces of PCP specifically. See United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir.1993) (government must prove quantity of drugs attributable to defendant). However, the evidence at trial established that Burns knew Dodson intended to manufacture PCP with the chemical he supplied. Whatever amount of PCP Dodson made was reasonably foreseeable to Burns and within the scope of his unlawful agreement. Section 1B1.3(a)(1)(B) does not require that Burns know in advance the exact amount of PCP that Dodson would or could manufacture. The court's finding was not clearly erroneous.
 
 
 6
 Burns' reliance on United States v. Irvin, 2 F.3d 72, 77 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3552 (U.S.1994), is misplaced. Burns did not receive a mandatory minimum sentence, nor was he held accountable for quantities of PCP which were not within his own agreement and foreseeable to him. His guideline range, based on the 96 ounces found to be reasonably foreseeable to him, was higher than the mandatory minimum of 120 months.
 
 
 7
 We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Burns later complained to Dodson that the PCP he received was no good, although Dodson's other customers were all satisfied with the quality of his product. Dodson testified that Burns had little experience with PCP. He mentioned that PCP loses its potency when diluted with water