**UNITED STATES of America, Plaintiff,**

v.

**James ROBINSON, Defendant.**

**Criminal No. 2:95–00051–02.**

United States District Court,
S.D. West Virginia,
Charleston Division.

Jan. 12, 1996.

---

Monica Schwartz, Assistant United States Attorney, Charleston, WV, for plaintiff.

Jane Charnock, Charnock & Charnock, Charleston, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

At the sentencing hearing held January 2, 1996, the Defendant objected to the presentence investigation report, contesting the lack of consideration given him under the "safety valve" provisions of U.S.S.G. § 5C1.2(1)–(5) and 18 U.S.C. § 3553(f)(1)–(5)[1]; the lack of adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1; and the factual accuracy of the report. The Court OVERRULED Defendant's objections and adopted the proposed findings and recommendations of the report. The Court found and concluded the Defendant's continued denial of factual guilt and his evasiveness with law enforcement officials in debriefings precluded him from receiving credit for acceptance of responsibility or consideration under the "safety valve" provisions. This Memorandum Opinion and Order further ex-

---

1. Section 5C1.2 provides:

"In the case of an offense under 21 U.S.C. § 841 ... the court shall impose a sentence in accordance with the applicable guidelines without regard to any statutory minimum sentence, if the court finds that the defendant meets the criteria in 18 U.S.C. § 3553(f)(1)–(5) set forth verbatim below:

(1) The defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;

(2) The defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) The offense did not result in death or serious bodily injury to any person;

(4) The defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5) Not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement."

plicates and memorializes the Court's holding. The Court reviews the evidence and makes specific findings regarding its ruling.[2]

The Sentencing Guidelines provide: "[i]f a defendant clearly demonstrates acceptance of responsibility for his offense, decrease the offense level by 2 levels." United States Sentencing Commission, *Guidelines Manual,* § 3E1.1(a) (Nov. 1992).

> "In determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to [the defendant] truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct).... A defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility."

U.S.S.G., § 3E1.1, comment. (n. 1(a)). The application notes to the Guideline further explain:

> "[e]ntry of a plea of guilty prior to the commencement of trial *combined with* truthfully admitting the conduct comprising the offense of conviction, *and* truthfully admitting or not falsely denying any additional relevant conduct for which he is accountable under § 1B1.3 (Relevant Conduct) (*see* Application Note 1(a)), will constitute significant evidence of acceptance of responsibility for the purpose of subsection (a). *However, this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility. A defendant who enters a guilty plea is not entitled to an adjustment under this section as a matter of right.*"

U.S.S.G. § 3E1.1, comment. (n. 3) (emphasis added).

A defendant has the burden of proving by a preponderance of the evidence he is entitled to a reduction for acceptance of responsibility. *U.S. v. Harris,* 882 F.2d 902, 907 (4th Cir.1989); *United States v. Urrego–Linares,* 879 F.2d 1234 (4th Cir.), *cert. denied,* 493 U.S. 943, 110 S.Ct. 346, 107 L.Ed.2d 334 (1989); *United States v. White,* 875 F.2d 427, 431 (4th Cir.1989). To be considered for this adjustment, a defendant must accept responsibility for *all* his criminal conduct. Partial acceptance is insufficient. *United States v. Underwood,* 970 F.2d 1336 (4th Cir.1992); *United States v. Gordon,* 895 F.2d 932, 936 (4th Cir.), *cert. denied,* 498 U.S. 846, 111 S.Ct. 131, 112 L.Ed.2d 98 (1990).

A defendant who is dishonest about prior conduct does not accept responsibility. *United States v. Falesbork,* 5 F.3d 715 (4th Cir.1993). In *Falesbork,* the defendant argued the district court erred in rejecting his request for an acceptance of responsibility reduction. 5 F.3d 715. The findings of the presentence report demonstrated the defendant did not admit the truth of the facts contained in the indictment and that he continued to deny much of his involvement. Although Falesbork expressed remorse for his crimes, at sentencing he again attempted to minimize his involvement. Our Court of Appeals concluded the district court did not err in refusing the reduction for acceptance of responsibility because Falesbork did not truthfully and forthrightly admit his prior conduct.

Similarly, a defendant who challenges certain facts surrounding his criminal conduct does not accept responsibility. *United States v. Strandquist,* 993 F.2d 395 (4th Cir. 1993) (no reduction for acceptance of responsibility where defendant fully admits responsibility for the offense of conviction but chal-

---

**2.** By analogy, the Court is guided by the instruction of *United States v. Dunnigan,* 507 U.S. 87, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993) (holding upon a determination that the defendant committed perjury, the Court may enhance the sentence for obstruction of justice under U.S.S.G. § 3C1.1). 507 U.S. 87, 113 S.Ct. 1111. If the *Defendant objects to the increase, the Court must* review the evidence and make independent find-

ings necessary to establish the Defendant committed perjury. *Id.* Here, the Defendant did not give sworn testimony and is not receiving an enhancement for obstruction as a result of untruthful and evasive conduct. He is, however, being denied a reduction for acceptance of responsibility and consideration for a "safety valve" reduction.

lenges relevant findings of fact of the district court); *United States v. Price,* 13 F.3d 711 (3d Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1372, 131 L.Ed.2d 227 (1995), (a defendant who falsely denies or frivolously contests relevant conduct is not entitled to reduction for acceptance of responsibility).

■ Here, the Defendant did not take the stand or give sworn testimony. Nevertheless, the affirmative representations of his counsel made at Defendant's urging are equivalent, in the Court's opinion, to a direct denial of factual guilt by the Defendant. Such affirmative denials of factual guilt preclude the Defendant from receiving credit for acceptance of responsibility or consideration under the safety valve provisions.

The Defendant admitted the relevant facts comprising the offense to which he pleaded guilty. He admitted traveling to New York City and purchasing a large quantity (seventeen ounces) of cocaine base with Eight Thousand Dollars ($8,000.00) earned from previous drug transactions. He admitted his objective was to bring the cocaine base to Charleston for distribution. He further admitted distributing controlled substances was his sole means of financial support.

Nevertheless, the Defendant did not admit he and his co-Defendant, Bandele Jones, were acting in partnership. Nor did he admit knowledge of the cocaine powder involved. Further, his admitted involvement with only seventeen ounces, or 481.95 grams, of cocaine base is far short of the total amount of controlled substances the evidence established was attributable to him.

The actions of the Defendant, Jones, White and Frank Fazio were part of an ongoing common plan[3] to bring drugs from New York to distribute in Charleston. During the week of March 12, 1995 Jones and Robinson traveled from Charleston to New York City for the purpose of obtaining drugs for distribution in Charleston. On March 18, 1995 Robinson telephoned Angelo White from New York City and encouraged him to join them. Subsequently, White and Fazio de-

parted for New York from Yeager Airport in Charleston. The evidence established White, Jones and Robinson purchased a large quantity of cocaine base and cocaine powder while in New York. Fazio agreed to carry the drugs back to Charleston.

On March 19, 1995 Robinson, Jones and White arrived at Yeager Airport on the same flight from New York City via Pittsburgh. As the passengers exited the plane, an officer recognized Fazio. Officers advised Fazio they had reason to believe he was involved in transporting controlled substances. Fazio denied he possessed any drugs and consented to a search of his person and luggage. The search revealed 1,009 grams of cocaine base and 59.8 grams of cocaine powder attached with duct tape to Fazio's upper body.

During the search, Robinson entered the terminal. Believing he might be Angelo White, officers approached him for identification. At the time the officers did not have any evidence linking Robinson to Fazio. Subsequently, Robinson was released.

Soon thereafter, White entered the terminal and was detained for questioning. White consented to a body search whereupon ten packets of marijuana were retrieved. White was placed under arrest. During separate debriefings, White and Fazio made statements which implicated Robinson and Jones in the scheme.

At Jones' trial, White also testified he made at least four to five trips to New York with Robinson and Jones between January, 1994 and March, 1995. On each trip, Jones and Robinson jointly purchased sixteen to eighteen ounces of cocaine base for personal use and for distribution in Charleston. White made his purchases separately on these trips. On at least three additional occasions, White did not accompany Jones and Robinson to New York, but gave them money to purchase at least one ounce of cocaine base on his behalf. On each occasion, White received at least one ounce of cocaine base, as he had requested, for a total of three ounces.

---

3. *See* U.S.S.G. § 1B1.3, comment. (n. 9). (Defining "common scheme or plan" and "same course of conduct").

Based upon the foregoing, Robinson's relevant conduct[4] includes the 1,009 grams of cocaine base seized at Yeager Airport, 1,814.4 grams of cocaine base for the previous four trips to New York with Jones (16 ounces × 4 trips = 64 ounces = 1,814.4 grams), 85.05 grams (3 ounces) of cocaine base purchased by Robinson and Jones for White on three occasions in New York, and 59.8 grams of cocaine powder seized at Yeager Airport. The total weight of cocaine base attributed to the Defendant is 2,908.45 grams. The total amount of cocaine powder is 59.8 grams.[5] Based on the foregoing evidence and the trial evidence and jury verdicts in co-Defendant Jones' case, these amounts were reasonably foreseeable to Robinson. In most instances they were directly attributable to him as well.[6]

The Court found the testimony and evidence adduced at Jones' trial credible. All calculations regarding quantities of controlled substances are consistent with that testimony. The Court finds the Defendant has not truthfully provided the Government or the Court with all information and evidence concerning the offense that was part of the same course of conduct or common scheme. Accordingly, the Court finds and concludes the Defendant does not qualify for a reduction for acceptance of responsibility or for consideration under the provisions of the safety valve. Simply put, Defendant Robinson does not qualify for the reductions because he did not admit, but in fact contested, the extent of his relevant criminal conduct.

The Clerk is directed to send a copy of this *Memorandum Opinion and Order* to counsel, the Marshal for the District and the Probation Office of this Court.

---

4. *See* U.S.S.G. § 1B1.3.

5. Pursuant to the instruction of the Guidelines, different types of controlled substances are converted to marijuana equivalencies and added. U.S.S.G. § 2D1.1, comment. (n. 6). One gram of cocaine base is equivalent to twenty kilograms of marijuana and one gram of cocaine powder is equivalent to two hundred kilograms of marijuana. U.S.S.G. § 2D1.1, comment. (Drug Equivalency Tables). Converting the 2,908.45 grams of cocaine base into marijuana, the total amount is equivalent to 58,169 kilograms of marijuana. Converting the 59.8 grams of cocaine powder into marijuana, the total amount is equivalent to 11.96 kilograms of marijuana. Thus, the total amount of converted drugs attributable to the Defendant is equivalent to 58,180.96 kilograms of marijuana. This large quantity places the Defendant at a base offense level of thirty-eight. U.S.S.G. § 2D1.1(c)(1) (30,000 kg or more of marijuana).

6. *Cf. United States v. Chavez–Gutierrez,* 961 F.2d 1476 (9th Cir.1992) (Defendant pled guilty to aiding and abetting distribution of controlled substances. The Court of Appeals held the district court erred in calculating defendant's offense level based on quantity of cocaine distributed by others because it did not make a finding based on facts in the presentence report that defendant was responsible for that conduct under § 1B1.3); *United States v. Gilliam,* 987 F.2d 1009, 1012–1013 (4th Cir.1993) (Defendant pled guilty to conspiracy to distribute or possess with the intent to distribute cocaine. Our Court of Appeals stated, "in order to attribute to a defendant for sentencing purposes the acts of others in jointly-undertaken criminal activity, those acts must have been within the scope of the defendant's agreement and must have been reasonably foreseeable to the defendant … a court should focus on the language of the commentary [to U.S.S.G. § 1B1.3] that describes conduct that is 'reasonably foreseeable in connection with the criminal activity the defendant agreed to jointly undertake.' "); *see also* U.S.S.G. § 1B1.3, comment. (n. 2) ("a 'jointly undertaken criminal activity' is a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, *whether or not charged as a conspiracy.... The conduct of others that was both in furtherance of, and reasonably foreseeable in connection with, the criminal activity jointly undertaken by the defendant is relevant conduct under this provision.*") (emphasis added)).