**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 96-4041

JOSE SWAIN, a/k/a Little Jack,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, District Judge.
(CR-95-73)

Submitted: March 27, 1997

Decided: April 8, 1997

Before RUSSELL, LUTTIG, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

E. Ward Morgan, WHITE, SMITH, MORGAN & SCANTLEBURY,
L.C., Bluefield, West Virginia, for Appellant. Rebecca A. Betts,
United States Attorney, John C. Parr, Assistant United States Attor-
ney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jose Swain appeals the district court's calculation under the Sentencing Guidelines of his criminal history points in determining Swain's eligibility for the safety valve provision of 18 U.S.C. § 3553(f) (1994). Swain contends that the district court violated his "substantive and procedural rights to due process of law" in that the court did not make sufficient factual findings regarding his criminal history. Specifically, Swain claims that the district court erred in failing to conduct an independent inquiry regarding the reliability of two juvenile adjudications in Georgia. Finding no error, we affirm.

Swain presented no evidence in the district court, and advances no argument in this court, that would suggest that the juvenile adjudications are somehow deficient. "Without an affirmative showing the information is inaccurate, the court is free to adopt the findings of the [presentence report] without more specific inquiry or explanation." United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990) (internal quotations and citation omitted). Here, the district court stated that it found the information reliable and appropriately included in the criminal history score.

Swain attempts to rely on Fed. R. Crim. P. 32(c)(1) for the proposition that a more specific finding by the district court was necessary. However, even assuming that the district court's statement finding the information reliable was somehow deficient, Swain's objection to the use of the juvenile adjudication, without more, is insufficient to create a controverted matter requiring any more specific finding. It was Swain's burden to show that the information in the presentence report was unreliable and "articulate the reasons why the facts contained therein are untrue or inaccurate." Terry, 916 F.2d at 162; see also United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993) ("[T]he Government carries its burden if a defendant fails to properly object

2

to a recommended finding in a presentence report that the court determines to be reliable."). Swain did no more than suggest to the district court that the inclusion of the juvenile adjudications would overrepresent his criminal history. Without more, the district court did not err in calculating Swain's criminal history by including those offenses.

The two juvenile adjudications gave Swain more than one criminal history point, which made him ineligible for the safety valve provision. 18 U.S.C. § 3553(f). There was no error in sentencing Swain according to the statutory minimum. 21 U.S.C. § 841(a)(1)(A)(iii) (1994). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

3