**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 96-4933

EUGENE SMALLS, a/k/a Gene Smalls,
a/k/a Kishawnie Henry, a/k/a
Quickness,
<u>Defendant-Appellant.</u>

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 96-4954

MITCHELL SMALLS, a/k/a Gary
Richardson, a/k/a Cebo, a/k/a Kilo,
<u>Defendant-Appellant.</u>

Appeals from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca B. Smith, District Judge.
(CR-96-131)

Submitted: August 19, 1997

Decided: October 10, 1997

Before WILKINS and MICHAEL, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles R. Burke, Virginia Beach, Virginia; Anthony S. Mulford, Chesapeake, Virginia, for Appellants. Helen F. Fahey, United States Attorney, Robert E. Bradenham, II, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In these consolidated appeals, Appellants Eugene Smalls (No. 96-4933) and his brother Mitchell Smalls (No. 96-4954) appeal from their jury convictions and resulting life sentences for drug trafficking offenses. Finding no error in the conduct of the jury trial or sentencing, we affirm the convictions and sentences.

The Government maintained at trial that the Smalls were at the center of a cocaine smuggling operation that imported cocaine into the United States from the Virgin Islands. The Government based its case on recorded telephone conversations between Eugene and a confidential informant; videotapes depicting Eugene's involvement in drug transactions; photographs of both brothers posing with firearms and large amounts of cash; evidence of both brothers wiring large sums of money to the Virgin Islands; and testimony from co-conspirators concerning the involvement of both brothers in the drug trafficking conspiracy.

Appellants assert that there was insufficient probable cause to support the issuance of search warrants to search Eugene's Virginia Beach home. When reviewing a magistrate's assessment of probable cause, this Court must give great deference to the magistrate's assessment of the facts presented to him. United States v. Blackwood, 913

2

F.2d 139, 142 (4th Cir. 1990). We ask only whether the magistrate had a substantial basis for concluding probable cause existed, and the magistrate is required only to make a "practical, commonsense decision whether, given all the circumstances in the affidavit before him, including the `veracity' and the `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." Id. (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)). With these standards in mind, we conclude that both magistrates clearly had substantial basis for finding probable cause to issue both warrants.

Appellants next assert that there is insufficient evidence to sustain their jury convictions. Contrary to their assertions, we find ample evidence presented at trial that the Smalls brothers engaged in a conspiracy to illegally import cocaine into the United States from the Virgin Islands. The trial transcripts disclose that numerous people worked with the Smalls organization in planting drugs in airplanes flying to this country from the Virgin Islands, receiving packages from the Virgin Islands containing drugs, processing and distributing the drugs in the United States, and wiring proceeds to and from the Virgin Islands. The Government verified this activity with recorded telephone conversations, video tapes of drug transactions, and testimony from co-conspirators who implicated both brothers in the drug trafficking operation. We must sustain a jury's verdict if there is substantial evidence, taking the view most favorable to the Government to support it. Glasser v. United States, 215 U.S. 60, 80 (1942). Construing the evidence presented at trial in the light most favorable to the Government, it is sufficient to support the jury's verdicts.

Eugene asserts that his federal conviction and sentence violates principles of Double Jeopardy because he was convicted in Virginia state courts as well. This claim is meritless. See United States v. Iaquinta, 674 F.2d 260, 264 (4th Cir. 1982).

Eugene also asserts in conclusory fashion that evidence was mishandled and mislabelled at trial. Since no such objections were raised below, this issue is forfeited absent plain error. United States v. Olano, 507 U.S. 725, 731 (1993); Fed. R. Crim. P. 52(b). Though there was some discussion at trial about a heat seal on a package of cocaine coming unglued and about a small amount of cocaine in a

3

ziploc bag, those issues were resolved by the trial court without objection. We find no plain error here.

Appellants next complain about the admission into evidence of photographs of each of them with weapons and large amounts of cash. The pictures were developed from negatives seized from Eugene's home. The pictures were shown to prosecution witnesses for identification and to at least two defense witnesses on cross examination. Appellants objected to use of the photos with only two prosecution witnesses. Therefore, this issue is waived in each instance but the occasions to which defense counsel objected but for plain error. As to the instances preserved for our review, we accord the district court's ruling substantial deference and we review the court's ruling for abuse of discretion. United States v. Moore , 27 F.3d 969, 974 (4th Cir. 1994). We find no abuse of discretion in the district court's rulings. As for the occasions when the photos were admitted or used without objection, we find no plain error.

Mitchell asserts that the trial court erred in denying his Fed. R. Crim. P. 29 motion for judgment of acquittal. We review denial of such a motion under a sufficiency of the evidence standard of review. See United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992). The jury convicted Mitchell of one count of conspiracy to import cocaine. As we have already discussed, we find ample evidence was presented to support the jury's verdict when construed in the light most favorable to the Government. Therefore, the court properly denied the motion for judgment of acquittal.

Mitchell next asserts that the court improperly held him accountable at sentencing for 2.32 kilograms of crack cocaine. The sentencing court heard testimony from a United States Customs Agent and then Mitchell himself at the sentencing hearing. After argument on the issue, the court concluded that Mitchell was responsible for 2.32 kilograms of crack cocaine. In so doing, the court approved the findings of Mitchell's pre-sentence report and concluded that the findings were supported by a preponderance of the evidence.

The Government bears the burden of proving quantity of drugs for which a defendant is to be held responsible at sentencing by a preponderance of the evidence. United States v. Gilliam, 987 F.2d 1009,

4

1013 (4th Cir. 1993). Drug quantities distributed by co-conspirators are attributable to a defendant if the conduct was within the defendant's agreement, foreseeable by him, and in furtherance of jointly undertaken criminal activity. United States v. Banks, 10 F.3d 1044, 1057 (4th Cir. 1993). Whether the entire amount of drugs involved in an overall conspiracy was foreseeable to the defendant is a question of fact, and we review the district court's determination under a clearly erroneous standard. United States v. Brooks, 957 F.2d 1138, 1148 (4th Cir. 1992). From the materials before us, we conclude that a preponderance of the evidence supports the drug quantity attributable to Mitchell and that the district court's factual findings are not clearly erroneous.

Mitchell asserts that the trial court's questioning of witnesses was an abuse of discretion, indicated that the court was not impartial, and deprived him of a fair trial. While a district court must maintain "`a general atmosphere of impartiality'" during the course of a trial, it nevertheless may interrogate witnesses as necessary to ensure the proper development of the facts. United States v. Castner, 50 F.3d 1267, 1272 (4th Cir. 1995) (quoting United States v. Cassiagnol, 420 F.2d 868, 878 (4th Cir. 1970)). Again, there was no objection at trial to any of the court's questions, so we review for plain error. We find none.

Finally, Mitchell complains about a portion of the trial court's jury instructions on conspiracy. Again, there was no objection to the instructions at trial, so we review for plain error. Mitchell has failed to demonstrate plain error in regard to the jury instructions.

For these reasons, we affirm the convictions and sentences of both Appellants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

AFFIRMED

5