**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                                No. 98-4245

ANTONIO MATTHEWS,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CR-97-138)

Submitted: September 29, 1998

Decided: October 23, 1998

Before HAMILTON, WILLIAMS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael Morchower, MORCHOWER, LUXTON & WHALEY,
Richmond, Virginia, for Appellant. Helen F. Fahey, United States
Attorney, N. George Metcalf, Assistant United States Attorney, Rich-
mond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Antonio Matthews of two counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) (1994), 18 U.S.C. § 2 (1994). He received concurrent sentences of 240 months imprisonment on Count 1 and 292 months imprisonment on Count 2. Matthews timely noted an appeal. Finding no error, we affirm the conviction and sentence.

Matthews first claims that there was insufficient evidence to establish that he was the person who sold drugs to Drug Enforcement Administration Special Agent Mark Ross and his confidential informant, Rodney Braxton. He contends that Agent Ross mistakenly testified that Matthews had a "corn row" haircut rather than a shaved head, and that neither Braxton nor Agent Ross testified that Matthews had a tattoo on his scalp and a gold tooth.

When addressing an insufficiency of the evidence claim, this court will affirm a criminal conviction if, in light of the totality of the evidence presented at trial, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979); United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (in banc), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868). The jury, not the reviewing court, is responsible for resolving any conflicts and weighing the credibility of the evidence. See United States v. Murphy, 35 F.3d 143, 148 (4th Cir. 1994).

Although neither witness testified regarding Matthews' tattoo or gold tooth, Agent Ross identified Matthews in court as the person who sold drugs to him on September 22, 1995, and October 6, 1995. He stated that on both occasions he saw Matthews clearly and that he engaged in conversations with him that lasted several minutes.[1] To consummate the drug deals on September 22, Agent Ross met with

_____

[1] Although Agent Ross originally testified that Matthews had a "corn row" haircut on the dates of the drug transactions, he later corrected himself and testified that Matthews had a "close-cut shaven" haircut.

2

Matthews twice, and on October 6, Agent Ross met with Matthews three times. In addition, Braxton, the confidential informant who accompanied Agent Ross during both purchases, testified that he had known Matthews prior to the transactions. He also stated that Matthews was the person who sold the drugs to them. In light of this evidence, the jury could have found beyond a reasonable doubt that Matthews was the person who sold narcotics to Agent Ross. See Burgos, 94 F.3d at 862-63.

Matthews next claims that the district court erroneously permitted the Government's cross-examination of him to go beyond the scope of the direct examination.[2] Under Fed. R. Evid. 611(b), "[c]ross-examination should be limited to the subject matter of the direct examination and matters affecting the credibility of the witness." Further, the Government may inquire into specific instances of the witness's conduct on cross-examination when credibility is an issue and when doing so would be probative of the witness's character for truthfulness. See Fed. R. Evid. 608(b). The extent and scope of cross-examination are within the sound discretion of the trial judge. See United States v. McMillon, 14 F.3d 948, 956 (4th Cir. 1994).

On direct examination, Matthews denied selling drugs to Agent Ross and Braxton. On cross-examination, the prosecutor asked whether Matthews was in Fredericksburg, the city where the transactions occurred, during September and October of 1995, and Matthews denied being there. Further, when asked whether he had ever sold drugs, Matthews said he had not. By denying on direct examination that he sold drugs on the occasions in question, Matthew placed his credibility and truthfulness into the arena for challenge by the prosecution. See Fed. R. Evid. 608(b), 611(b). Thus, the district court did not abuse its discretion by permitting the prosecution to challenge his credibility and truthfulness on cross-examination by asking whether he was in the city where the sales occurred, or whether he had ever sold drugs.

_____

[2] Matthews contends that as a result of the testimony elicited during the Government's cross-examination, the Government was able to call two rebuttal witnesses. However, he does not challenge the admission of the rebuttal testimony, nor did he object to that testimony at trial.

3

Next, Matthews contends that he should not have been held accountable at sentencing for more than 1.5 kilograms of cocaine base because there was insufficient evidence to establish that he distributed that amount. The Government bears the burden of proving the quantity of drugs for which a defendant is to be held responsible at sentencing by a preponderance of the evidence. See United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993). The district court's factual determination concerning the amount of drugs attributable to an appellant should be upheld absent clear error. See United States v. Lamarr, 75 F.3d 964, 972 (4th Cir.), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3309 (U.S. Oct. 21, 1996) (No. 95-9398); United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994). In addition, the district court is afforded broad discretion as to what information to credit in making its calculations. See United States v. Falesbork, 5 F.3d 715, 722 (4th Cir. 1993).

The district court's determination that Matthews was responsible for more than 1.5 kilograms of cocaine base was based on trial testimony and the presentence report. Ricardo Morton testified that during September and October of 1995, Matthews supplied four and a half to nine ounces of crack cocaine to him five to six times per week. Marvin Morton testified that he purchased two and a quarter ounce quantities of crack cocaine four or five times per week from Matthews during September and October. In addition, Agent Ross testified that he purchased approximately thirty-five grams of crack from Matthews, and the presentence report indicates that during the Summer and Fall of 1995, Matthews sold a total of about 3395 grams of crack. Finally, Matthews' counsel admitted at sentencing that he had no credible evidence to dispute the Government's evidence establishing that Matthews distributed more than 1.5 kilograms. Thus, we find that the district court did not clearly err when it determined that the Government had proven by a preponderance of the evidence that Matthews distributed more than 1.5 kilograms of cocaine base. See Lamarr, 75 F.3d at 972.

Finally, Matthews asserts that the district court abused its discretion when it refused to grant a downward departure in his sentencing range. He contends that he faces harsher consequences than anticipated by the Sentencing Guidelines as a result of his status as a deportable alien. A district court's decision not to depart from the sen-

4

tencing guidelines is not subject to appellate review unless the refusal to depart is based on the mistaken belief that the court lacked the authority to depart. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). There is no evidence in this case that the court was mistaken as to its authority to depart from Matthews' guideline range; rather, the sentencing judge determined that Matthews' status as a deportable alien did not warrant a downward departure. Thus, we will not review the court's decision not to depart downward.

We affirm Matthews' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

5