Filed:  November 1, 1999

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

No. 99-4214
(CR-98-11)

United States of America,

Plaintiff - Appellee,

versus

Jose Cantu, etc.,

Defendant - Appellant.

O R D E R

The court amends its opinion filed October 12, 1999, as follows:

On page 3, second full paragraph, line 1 -- the paragraph is corrected to begin "At sentencing, <u>Cantu</u>'s attorney ...."

For the Court - By Direction

/s/ Patricia S. Connor
Clerk

UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

JOSE CANTU, a/k/a Peppe Cantu,

No. 99-4214

a/k/a Jose Joe Cantu, a/k/a Jose
Canto, a/k/a Pepe Cantu, a/k/a
Jimmy Ray Cantu, a/k/a Joe Cantu,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CR-98-11)

Submitted: August 31, 1999

Decided: October 12, 1999

Before LUTTIG and TRAXLER, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Barry Philip Beck, POWER, BECK & MATZUREFF, Martinsburg,
West Virginia, for Appellant. David E. Godwin, United States Attor-
ney, Thomas O. Mucklow, Assistant United States Attorney, Martins-
burg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Jose Cantu pled guilty to conspiracy to possess cocaine with intent to distribute, 21 U.S.C. § 846 (1994) (Count 1), and being a felon in possession of a firearm, 18 U.S.C.A. § 922(g)(1) (West Supp. 1999) (Count 22), and received a sentence of 157 months imprisonment. He appeals his sentence on the ground that the district court clearly erred in finding that he was responsible for 3.8 kilograms of cocaine. For the reasons explained below, we vacate the sentence and remand for resentencing.

On June 3, 1998, postal authorities searched an Express Mail envelope mailed from Texas to the residence Cantu shared with his brother in Augusta, West Virginia. The package contained about four ounces (110.65 grams) of powder cocaine, 11.29 grams of heroin, 17.05 grams of Clonazepam, a Schedule IV controlled substance, and small amounts of bicarbonate and plant material, neither of which were controlled substances. All the substances were enclosed in a rubber surgical glove and the Clonazepam pills were also in a plastic bag. Further investigation revealed that the Cantus had received Express Mail packages of cocaine in Winchester, Virginia, before they moved to Augusta, and that friends in Winchester received some packages of cocaine for them after they moved to West Virginia. The Cantus distributed the cocaine for resale.

Records of the Express Mail deliveries established that thirty-three Express Mail packages were sent to the Cantus. The total weight of each package was known from the mailing label. Keith Getz testified before the grand jury that he received fifteen packages for the Cantus. He estimated that each package contained about one ounce of cocaine. However, he did not actually know how much cocaine was in each package. The weights of the packages he received ranged from two to six ounces.

2

The probation officer accepted the postal inspector's estimate that the total amount of cocaine received by the Cantus in each unseized package was equal to the weight of the Express Mail envelope less one ounce--the weight of the envelope. The probation officer recommended that Cantu's relevant conduct was 3.8 kilograms of cocaine, which gave him an offense level of 30 under USSG § 2D1.1 (3.5 to 5 kilograms cocaine).* The heroin and Clonazepam were not used in calculating the base offense level. Cantu objected that the cocaine calculation was overstated because the cocaine in the package seized on June 5 constituted less than half the total weight of the package, while the probation officer's method presumed that cocaine made up approximately 90% of the total weight of the other packages.

At sentencing, Cantu's attorney called the postal inspector as a witness. He testified that he assumed all the other packages contained only cocaine because all the information from witnesses concerned only cocaine. He testified that the combined weight of all controlled substances in the June 5 package was seven ounces, one ounce less than the total weight of the package. Therefore, to estimate the weight of controlled substance in the other packages, he simply substracted one ounce to account for the envelope. Unfortunately, this statement was inaccurate and was not corrected. The total weight of the controlled substances in the seized package was 138.99 grams, or 61% of the entire package, as the government concedes in its brief.

Rejecting Cantu's argument that the weight of the cocaine in the unseized packages should be estimated at 48% of the total weight of each package (the percentage of cocaine in the seized package), the district court found that the probation officer's calculation was supported by a preponderance of the evidence. The court found (1) that there was no evidence that Cantu distributed anything but cocaine and, consequently, there was no basis for finding that the unseized packages contained anything but cocaine, and (2) that the weights of the unseized packages were known. From these facts, the court found that the government's position was the correct one, i.e., that Cantu was responsible for 3.8 kilograms of cocaine. The court's implicit

_____

* With a weapon enhancement, see USSG § 2D1.1(b)(1), and a reduction for acceptance of responsibility, see USSG § 3E1.1, his final offense level was 29.

3

finding was that the weight of the cocaine could be extrapolated from the weight of the package by subtracting the weight of the envelope --the method used by the postal inspector. On appeal, Cantu argues that the district court's finding was not supported by a preponderance of the evidence.

We review the district court's findings concerning the amount of drugs attributable to a defendant for clear error. See United States v. Cook, 76 F.3d 596, 604 (4th Cir. 1996). When the amount of drugs is disputed, the government bears the burden of proving the quantity attributable to the defendant by a preponderance of the evidence. See United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993). If the drug amount recommended in the presentence report is disputed, the government may meet its burden by presenting evidence that the court finds sufficient to establish the recommended amount. See id. Where the amount of drugs seized does not reflect the scale of the offense, the district court may estimate the quantity of controlled substances. See United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994). However, when amounts are uncertain, the district court should "err on the side of caution." United States v. Sepulveda , 15 F.3d 1161, 1198 (1st Cir. 1993) (quoted in Cook, 76 F.3d at 604).

Because the weight of the cocaine in the seized package was only half the total weight of the package, Cantu's attorney was able to show that the postal inspector's assumption that each of the unseized Express Mail envelopes contained only cocaine--without any other drugs, objects, or packaging materials to add to the weight of the package--was highly questionable. The government could offer no evidence to bolster this assumption.

Because the seized package contained drugs other than cocaine (possibly for personal use) and packaging materials, the government did not show by a preponderance of the evidence that the remaining packages contained only cocaine even though, as the court found, there was no evidence that Cantu distributed anything but cocaine.

In making its findings, the district court discounted Getz's estimate that each package he received contained no more than one ounce of cocaine. This decision was within the court's discretion. See United States v. Falesbork, 5 F.3d 715, 722 (4th Cir. 1993) (district court has

4

broad discretion concerning what information it credits in making its calculations). However, the court also failed to notice the weakness in the government's evidence that Cantu was responsible for 3.8 kilograms of cocaine. Particularly troubling is the inspector's assertion, never corrected, that the combined weight of all the drugs in the seized package was seven ounces, one ounce less than the weight of the entire package, or 87% of the total weight, when in reality it was only 67% of the total weight of the package. Therefore, we find that the district court's finding as to the amount of cocaine was not supported by a preponderance of the evidence and thus was clearly erroneous. On remand, the court should again estimate the total amount of cocaine received by Cantu, taking into account the available evidence.

For the reasons discussed, we vacate the sentence and remand the case for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

5