**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 98-4908

MICHAEL CRANDALE WILLIAMS,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Elizabeth City.
Malcolm J. Howard, District Judge.
(CR-95-9-H)

Submitted: October 26, 1999

Decided: November 12, 1999

Before LUTTIG, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Terrence Lee Taylor, Greenville, North Carolina, for Appellant.
Janice McKenzie Cole, United States Attorney, Anne M. Hayes,
Assistant United States Attorney, Raleigh, North Carolina, for Appel-
lee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Michael Crandale Williams of conspiracy to possess with intent to distribute cocaine base, use of a firearm during and in relation to a drug trafficking crime, and being a felon in possession of a firearm. The district court sentenced Williams to 324 months' imprisonment, and Williams appealed his convictions and sentence. We affirmed Williams' convictions and the district court's two-level increase in offense level for obstruction of justice but vacated Williams' sentence and remanded to the district court for further findings of fact on the amount of drugs attributed to Williams and resentencing. See United States v. Williams, 152 F.3d 294 (4th Cir. 1998). On remand, the district court held a second sentencing hearing, adopted the recommended findings contained in the presentence report (PSR), and re-sentenced Williams to 324 months' imprisonment. Williams again appeals, alleging the district court made inadequate findings regarding the amount of drugs attributable to him and erred in attributing more than 500 grams of cocaine base to him. We affirm.

Williams alleges the district court failed to make adequate findings regarding the quantity of drugs attributable to him at sentencing. A district court may adopt the PSR's factual findings provided the court makes clear which disputed issues are resolved by its adoption. See United States v. Walker, 29 F.3d 908, 911 (4th Cir. 1994). Here, over Williams' objection, the district court specifically adopted that portion of the PSR pertaining to the calculation of cocaine base attributable to Williams. We thus find the district court made adequate factual findings at sentencing.

Williams alleges that the district court erred in attributing more than 500 grams of cocaine base to him for sentencing purposes. We review the district court's findings on sentencing factors for clear error. See Williams, 152 F.3d at 301. Here, the Government relied upon information in Williams' PSR and elicited testimony at the sentencing hearing to establish that Williams was responsible for more than 500 grams of cocaine base. The PSR also approximated the quantity of drugs attributed to Williams based upon street value. The district court found the statement of Williams' co-defendant Pedro

2

Gonzalez and the quantity of drugs derived from his statement reliable. Williams had an affirmative duty to show that the information in the PSR was inaccurate or unreliable, see United States v. Gilliam, 987 F.2d 1009, 1014 (4th Cir. 1993), but has failed to do so. Because Williams merely objected to the drug quantity attributed to him and because the district court relied on permissible approximations of drug quantity, see United States v. Uwaeme, 975 F.2d 1016, 1019 (4th Cir. 1992), we find the court did not clearly err in attributing more than 500 grams of cocaine base to Williams at sentencing.

We likewise find Williams' claim that there was no temporal or geographic proximity between the Pennsylvania drug activity and the charged North Carolina drug activity without merit. Evidence produced at Williams' trial clearly showed that he traveled from Pennsylvania to North Carolina on more than one occasion with cocaine base to sell. Co-defendant Pedro Gonzalez testified at trial and gave a statement to a law enforcement officer that he had both actual and constructive knowledge of Williams' drug trafficking in Pennsylvania, even though Gonzalez had known Williams for only one year. Thus, unrefuted evidence established a geographic and temporal proximity between Williams' Pennsylvania and North Carolina drug trafficking.

We therefore affirm Williams' sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED