UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

WILLY EMMANUEL, a/k/a William

Belizaire, a/k/a Willey Emmanuel,
a/k/a Willie Emanuel, a/k/a William
Emmanuel,
Defendant-Appellant.

No. 99-4014

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CR-98-120-2)

Submitted: February 22, 2000

Decided: March 2, 2000

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Eduardo K. Curry, CURRY, CURRY & CURRY, P.A., Charleston,
South Carolina, for Appellant. Miller Williams Shealy, Jr., OFFICE
OF THE UNITED STATES ATTORNEY, Charleston, South Caro-
lina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Willy Emmanuel appeals from a 188-month sentence imposed following his guilty plea to conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 (1994). Emmanuel's attorney has filed a brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967). Counsel states that there are no meritorious grounds for appeal but addresses the following issue: whether the district court improperly sentenced Emmanuel under the sentencing guidelines for cocaine base rather than cocaine powder, causing Emmanuel to receive a higher sentence. Emmanuel has filed a pro se supplemental brief.

Based on the superceding indictment, the terms of the plea agreement, and Emmanuel's own admission during the Rule 11 hearing, it is clear that Emmanuel pleaded guilty to possession with intent to distribute cocaine base. Furthermore, our review of the record indicates that Emmanuel withdrew any objection to the court's sentencing him under the guidelines for possession with intent to distribute cocaine after negotiating with the Government a two-point reduction in his sentence for acceptance of responsibility. <u>See United States v. Olano</u>, 507 U.S. 725, 734 (1993) (claim raised for the first time on appeal cannot justify reversal unless the error is "clear under current law"). Similarly, we reject Emmanuel's challenge in his pro se supplemental brief to the amount of drugs the court attributed to him. <u>See United States v. Gilliam</u>, 987 F.2d 1009, 1013 (4th Cir. 1993) (Government may prove drug amount, inter alia, by defendants' admissions at Rule 11 hearing or by uncontested findings in the presentence report). We note that to the extent that Emmanuel holds his attorney responsible for the sentence he received, such a claim is appropriately raised in the context of a motion filed pursuant to 28 U.S.C.A. § 2255 (West Supp. 1999). <u>See United States v. Williams</u>, 977 F.2d 866, 871 (4th Cir. 1992).

2

We have examined the entire record in this case in accordance with the requirements of <u>Anders,</u> and find no meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>