**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

ISAAC IRWIN DAVIS, a/k/a E,
　　　　　　*Defendant-Appellant.*

No. 00-4312

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Richard L. Williams, Senior District Judge.
(CR-99-243)

Submitted: February 20, 2001

Decided: March 8, 2001

Before WILKINS, TRAXLER, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

D. Gregory Carr, Amy L. Curtis, BOWEN, BRYANT, CHAMPLIN
& CARR, Richmond, Virginia, for Appellant. Helen F. Fahey, United
States Attorney, Laura A. Colombell, Assistant United States Attor-
ney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Isaac Irwin Davis was convicted by a jury of one count of conspiracy to possess and distribute cocaine powder and cocaine base, 21 U.S.C. § 846 (1994), for which he was sentenced to 151 months imprisonment. Davis appeals, claiming that the government's evidence was insufficient to support his conviction and that the district court clearly erred in determining the quantity of drugs attributable to him at sentencing.

We find that sufficient evidence existed to support Davis' conviction for conspiracy. To prove a drug conspiracy, the government must establish: (1) an agreement to distribute existed between two or more persons; (2) the defendant knew of the conspiracy; and (3) the defendant knowingly and voluntarily became part of the conspiracy. *United States v. Burgos*, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). With respect to the last element, the government need not prove that the defendant knew the particulars of the conspiracy or all of his co-conspirators. *Id.* at 858. The evidence need only establish a slight connection between the defendant and the conspiracy to support the conviction. *United States v. Seni*, 662 F.2d 277, 285 n.7 (4th Cir. 1981). Finally, the testimony of a defendant's accomplices, standing alone and uncorroborated, can provide an adequate basis for conviction. *United States v. Burns*, 990 F.2d 1426, 1439 (4th Cir. 1993). Several of Davis' co-conspirators testified at trial and connected him to the conspiracy. Davis' challenges to the credibility of these witnesses are not subject to review by this court. *United States v. Saunders*, 886 F.2d 56, 60 (4th Cir. 1989).

We also find that the district court's factual finding concerning the amount of drugs attributable to Davis was not clearly erroneous. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999) (stating standard). Based on evidence adduced at trial, the Government proved the quantity (nine kilograms) by a preponderance of the evidence. *United States v. Gilliam*, 987 F.2d 1009, 1013 (4th Cir. 1993) (stating standard).

Accordingly, we affirm Davis' conviction and sentence. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*