UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
           *Plaintiff-Appellee,*

v.                                                    No. 00-4750

MAURICE SAMUEL, a/k/a Dred,
           *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-00-74)

Submitted: June 8, 2001

Decided: July 2, 2001

Before WIDENER, LUTTIG, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Mary Lou Newberger, Acting Federal Public Defender, Brian J. Kornbrath, Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Rebecca A. Betts, United States Attorney, Larry R. Ellis, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Maurice Samuel appeals his sentence of seventy-eight months' imprisonment for conspiracy to distribute cocaine, two counts of distribution of cocaine, and aiding and abetting distribution of cocaine in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999); 18 U.S.C. § 2 (1994). On appeal, Samuel challenges the district court's calculation of drug quantity attributed to him at sentencing. We affirm.

This court reviews the district court's calculation concerning the amount of drugs attributable to a defendant for sentencing purposes for clear error. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). A conspirator may be held accountable for all quantities of contraband attributable to the conspiracy that were reasonably foreseeable and within the scope of the conspiratorial agreement. *United States v. Gilliam*, 987 F.2d 1009, 1012-13 (4th Cir. 1993); *U.S. Sentencing Guidelines Manual*, § 1B1.3(a)(1)(B) & comment. (n.2). We find the district court did not clearly err in attributing to Samuel 418 grams of cocaine found in the search of Samuel's apartment or 481.48 grams of cocaine converted from monies seized during a stop of his co-conspirators. Further, we are satisfied the district court's findings were sufficiently particular.

We grant Samuel's pro se motion to file a supplemental brief and have considered the arguments raised therein. For the above reasons, we affirm his sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*