UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

ELIZUR MORALES, a/k/a Reuben,
    *Defendant-Appellant.*

No. 99-4726

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Judge.
(CR-98-121)

Submitted: February 26, 2002

Decided: April 16, 2002

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

## COUNSEL

Brian A. Glasser, BAILEY & GLASSER, L.L.P., Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Elizur Morales appeals from his 108-month sentence for aiding and abetting possession with intent to distribute cocaine, in violation of 21 U.S.C.A. § 841(a) (West 1999 & Supp. 2001) and 18 U.S.C.A. § 2 (West 2000), and one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C.A. § 846 (West 1999). On appeal, Morales contends that the district court erred in attributing two grams of crack cocaine to him at sentencing. This Court conducts de novo review of a lower court's legal interpretation of the guidelines and reviews its underlying factual findings for clear error. *United States v. Williams*, 977 F.2d 866, 869 (4th Cir. 1992).

At trial, Barbara Moreno testified that she had observed Morales weighing crack cocaine and putting it into baggies. The district court adopted the presentence report, which attributed two grams of crack to Morales as relevant conduct based exclusively on Moreno's testimony. Morales objected at sentencing to the attribution of any crack to him. In rejecting this objection, the district court noted that the jury had passed on the credibility of Morales, and that there was no basis to disturb the jury's finding.

Morales correctly points out, however, that the judge independently determines drug quantity at sentencing. *United States v. Gilliam*, 987 F.2d 1009, 1013 (4th Cir. 1993). It does not follow from the fact that the jury apparently credited Moreno's testimony regarding Morales' involvement with powder cocaine that it also credited her testimony regarding Morales' involvement on one or two occasions with crack cocaine, particularly since Morales was not charged with a crack cocaine offense and the court instructed the jury to disregard evidence relating to uncharged conduct. Accordingly, because it appears the district court may have erroneously concluded that it was bound by the jury's findings to attribute crack cocaine to Morales, we vacate Morales' sentence and remand so the district court may independently assess whether the evidence specifically bearing on Morales' involvement with crack cocaine ought to be credited for sentencing purposes.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*