**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

JUAN NICHOLAS, a/k/a Scan,
　　　　　　*Defendant-Appellant.*

No. 03-4279

Appeal from the United States District Court
for the Southern District of West Virginia, at Huntington.
Robert C. Chambers, District Judge.
(CR-02-200)

Submitted: July 24, 2003

Decided: August 1, 2003

Before MICHAEL and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Andrew J. Katz, THE KATZ WORKING FAMILIES LAW FIRM, L.C., Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, Miller A. Bushong, III, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Juan Nicholas pled guilty to distribution of cocaine base (crack), 21 U.S.C. § 841 (2000), and was sentenced as a career offender to a term of 188 months imprisonment. Nicholas appeals his sentence, contending that the district court clearly erred in determining that he was responsible for 53.05 grams of crack for sentencing purposes. *U.S. Sentencing Guidelines Manual* § 2D1.1 (2002). We affirm.

Nicholas was arrested after he ran a red light while driving on a suspended license. When Trevia Province, the passenger in the front seat got out, a three-gram piece of crack was left on the seat behind her in plain view. At the police station, Province voluntarily turned over to the police 15.4 grams of crack packaged for sale. She told the police Nicholas had handed this crack to her and asked her to hide it when he saw the blue light behind his vehicle. Nicholas' relevant conduct included this amount as well as 34.9 grams of crack recovered from his vehicle and 2.75 grams of crack Nicholas sold to a confidential informant eight months earlier, making a total of 53.05 grams of crack. Nicholas contested the 15.4 grams attributed to him on the strength of Province's statement, denying that he gave it to her or knew she possessed it. Province testified at Nicholas' sentencing hearing. Nicholas did not testify. The passenger in the back seat of the car, Deanna Crawford, had told the police that she did not see Nicholas hand anything to Province. Crawford was unavailable to testify.* The district court found Province's testimony credible.

The government bears the burden of proving the quantity of drugs attributable to the defendant, *United States v. Lipford*, 203 F.3d 259, 272 (4th Cir. 2000), and may do so by means of evidence presented

---

*Crawford had been questioned by police and released. She was later murdered; her death was still under investigation.

at sentencing. *United States v. Gilliam*, 987 F.2d 1009, 1013 (4th Cir. 1993). Although Nicholas asserts on appeal that Province's testimony was not credible in light of Crawford's statement, the district court found that Province was credible. Issues of witness credibility are reserved for the factfinder and are not reviewed by the appeals court. *United States v. Wilson*, 118 F.3d 228, 234 (4th Cir. 1997).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*