*749 GREGORY, Circuit Judge,
concurring in part and dissenting in part.
Although I concur with the reasoning and result of the majority opinion in all other respects, I respectfully disagree with its conclusion that Gordon admitted the quantity of marijuana attributable to him during his plea hearing. Therefore, I believe that the judicial quantity finding created a Sixth Amendment error in Gordon’s sentence in addition to the enhancements discussed by the majority. As a result, I would vacate Gordon’s sentence on this basis as well, leaving quantity open to challenge upon remand.
As an initial matter, I note that although the indictment charged that the marijuana conspiracy involved more than 1000 kilograms, Gordon’s plea of guilty to that charge did not alone establish the quantity attributable to him for sentencing purposes. Under the Guidelines, different participants in a drug conspiracy may be held accountable for different amounts. USSG § 1B1.3 & cmt. n. 2 (discussing the determination of a defendant’s relevant conduct arising from jointly undertaken criminal activity and providing that a defendant is responsible for the conduct of others that is “in furtherance of the jointly undertaken criminal activity” and “reasonably foreseeable in connection with that criminal activity”). Therefore, when an indictment attributes a quantity to a conspiracy as a whole, but does not ascribe an amount to a particular defendant, we have held that the defendant’s plea of guilty to that charge does not set the defendant’s responsibility at that amount for sentencing. United States v. Gilliam, 987 F.2d 1009 (4th Cir.1993) (vacating sentence based upon the 30 kilograms of cocaine charged in the conspiracy indictment where the indictment did not specify that that quantity was attributable to the defendant and remanding for the district court to make a finding in that regard).
In the present case, Gordon pleaded guilty to a generally worded indictment that attributed 1000 kilograms of marijuana to the conspiracy as a whole. Gordon argues that he did not admit that any more than 315 kilograms was attributable to him. This quantity corresponds to an offense level of 26 and, in conjunction with Gordon’s criminal history category of I, establishes a sentencing range of 63 to 78 months’ imprisonment. Therefore, the use of the judge’s finding that at least 1000 kilograms were attributable to him in imposing a 188-month sentence would establish plain error under the Sixth Amendment just as the other enhancements do. See United States v. Evans, 416 F.3d 298, 300 (4th Cir.2005); United States v. Hughes, 401 F.3d 540, 555 (4th Cir.2005). See also United States v. Collins, 415 F.3d 304, 311-14 (4th Cir.2005) (holding that it was a Sixth Amendment error under Ap-prendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), for defendant, convicted of conspiracy to distribute 50 or more grams of cocaine base, to be sentenced to the statutory minimum sentence for 50 or more grams of cocaine base without a jury finding that amount attributable to him).
The majority rejects this argument, concluding that Gordon did admit responsibility for 1000 or more kilograms of marijuana in his plea hearing. It therefore finds no Sixth Amendment error with respect to this aspect of his sentence and directs the district court that it need not readdress the quantity dispute upon remand. The majority relies upon Gordon’s admission that he, “along with his co-defendants, coordinated the transportation of over a thousand kilograms of marijuana from California to various points along the east coast, including Maryland.” J.A. 106-07 *750 (emphasis added). It reasons that the most natural interpretation of this language is that Gordon was admitting his personal responsibility for the 1000-kilo-gram figure. I cannot agree.
On its face, the language of Gordon’s admission does not separate out Gordon’s conduct from that of his codefendants. The majority’s reading notwithstanding, I believe that Gordon supplies the more natural reading—that in aggregate, the amounts that Gordon coordinated and the amounts that others coordinated without his involvement totaled in excess of 1000 kilograms.
At oral argument, the government agreed that the indictment was not so specific as to attribute an amount to Gordon, yet argued that the language of Gordon’s admission was more precise. I do not accept this distinction. The indictment charges that Gordon and his codefendants “did knowingly combine, conspire, confederate and agree with one another ... to distribute and possess with intent to distribute more than 1000 kilograms of marijuana.” J.A. 18-19. At his plea hearing, Gordon admitted that he, “along with his codefendants, coordinated the transportation of over a thousand kilograms of marijuana.” J.A. 106-07. The admission specifies the conduct involved (coordinating), but it goes no further toward distinguishing Gordon’s amount from that attributable to the conspiracy as a whole. Thus, the admission can hardly be described as more precise than the charge in the indictment. Indeed, they are virtually indistinguishable.
Moreover, putting the plea hearing admission in context only confirms that Gordon was not admitting to the 1000 kilograms. Gordon’s plea was atypical in that he and the government never entered into a plea agreement or otherwise stipulated to the relevant facts. Rather, throughout the proceedings below, including during his plea hearing, Gordon disputed the government’s allegations of the extent of his responsibility. Ultimately, when he decided to plead guilty, Gordon was “prepared to admit his guilt as to the conspiracy,” but not “everything the government says he did.” J.A. 94. The government understood that Gordon would not admit to all of its allegations and particularly the quantity issue. On two separate occasions during the hearing, the government counsel informed the district court that the quantity involved could be open to challenge at the sentencing hearing.
Finding itself without agreed-upon facts, the district court ultimately decided to determine the factual basis for Gordon’s plea through a proffer by the government. Under this process, the government would read its proposed statement of facts sentence by sentence, and Gordon would admit or deny each one. From the instructions of the court, Gordon was aware that he needed to admit sufficient facts through the proffer for the district court to support his plea to the conspiracy charge. Therefore, it is no surprise that when presented with a generally worded statement, the language of which echoed the language of the charge, Gordon admitted to “coordinating] the transportation” of marijuana as part of his plea. When the allegations became more specific as to quantities, Gordon admitted certain facts, but denied others. The amounts that Gordon admitted fall short of 1000 kilograms.
Finally, the district judge’s own comment after the factual proffer that “basically everything is on the table” for Gordon’s sentencing suggests that, at the time, even he did not understand Gordon’s admission to have resolved the quantity issue. J.A. 121. Indeed, at sentencing, the district court effectively treated quantity as unresolved, allowing extensive evidence *751 from both sides directed at the amount to be attributed to Gordon. The district court then made a finding that more than 1000 kilograms were attributable to Gordon by a preponderance of the evidence and imposed a sentence based upon that quantity and additional judge-found facts. Just as the use of the other enhancements violated Gordon’s Sixth Amendment rights, so did the use of the quantity finding. See Evans, 416 F.3d at 300.
Thus, in light of the general wording of the admission and the circumstances surrounding it, I do not agree that Gordon admitted the fact that over 1000 kilograms of marijuana was attributable to him. Therefore, I would find a Sixth Amendment error on this basis as well and leave this issue open to challenge before the district court upon resentencing.