**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4340**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL DALE BOWEN,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. William W. Wilkins, Senior Circuit Judge, sitting by designation. (7:05-cr-01080-GRA-13)

Submitted: January 14, 2009          Decided: March 16, 2009

Before MOTZ, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Nicole E. Nicolette, THE MACE FIRM, Myrtle Beach, South Carolina, for Appellant. Leesa Washington, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Dale Bowen pled guilty to conspiracy to possess with intent to distribute fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006), and was sentenced to ninety-seven months in prison. Bowen now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the district court erred in calculating the drug amount attributable to Bowen and whether Bowen should have received a downward departure based on his substantial assistance to the Government. Counsel concludes, however, that there are no meritorious issues for review. Bowen was advised of his right to file a pro se brief but did not file such a brief. We affirm.

Counsel first questions whether the district court erred in attributing 930.5 grams of methamphetamine to Bowen. We note that Bowen stipulated in his plea agreement that he was responsible for at least 500 grams but less than 1.5 kilograms of the drug. Additionally, at his change of plea hearing, a summary of his plea agreement, including this stipulation, was read into the record, and Bowen informed the court that the summary was accurate. Further, Bowen did not object to the probation officer's statement in the presentence report that Bowen was responsible for 930.5 grams of methamphetamine.

2

Finally, the record contains no evidence that Bowen was responsible for a lower amount of methamphetamine. Accordingly, we conclude that there was no error in the calculation of drug amount attributable to Bowen. See United States v. Gilliam, 987 F.2d 1009, 1013 (4th Cir. 1993) (identifying methods by which Government might meet its burden of establishing drug quantity).

Bowen also argues that the district court erred when it did not grant him a downward departure based on his substantial assistance to the Government. A refusal to depart is not reviewable on appeal unless the district court failed to understand its authority to depart. United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). Here, there clearly was no such misunderstanding, as evidenced by the district court's granting a requested departure based on Bowen's criminal history category overstating the severity of his criminal record. We conclude that we lack authority to review the court's refusal to further depart based on Bowen's claim of substantial assistance.

We have examined the entire record in this case in accordance with the requirements of Anders, and we find no meritorious issues for appeal. Accordingly, we affirm. This court requires counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be

frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED