**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4889**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

        v.

KATHERINE MITCHELL,

                    Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.    James P. Jones, District Judge.  (1:13-cr-00001-JPJ-PMS-2)

Submitted:  August 20, 2014          Decided:  August 28, 2014

Before MOTZ, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Larry W. Shelton, Federal Public Defender, Christine Madeleine Lee, Research and Writing Attorney, Roanoke, Virginia, for Appellant.  Timothy J. Heaphy, United States Attorney, Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Without the benefit of a written plea agreement, Katherine Mitchell pled guilty to distributing methamphetamine, and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012) and 18 U.S.C. § 2 (2012), and distributing marijuana, and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (2012) and 18 U.S.C. § 2. The district court subsequently sentenced Mitchell to seventy-eight months' imprisonment. On appeal, Mitchell contends that the district court procedurally erred in determining the drug quantity attributable to her for sentencing purposes. We affirm.

The record establishes that, beginning in September 2012, Mitchell and her co-defendant and roommate, Gary Lee Howell, were engaged in an ongoing venture to sell marijuana and methamphetamine. On December 14, 2012, Howell brought methamphetamine and marijuana to Mitchell, who was in the hospital. Mitchell, in turn, sold 3.5 grams of methamphetamine and one ounce of marijuana to a confidential informant. Thereafter Howell left the hospital and was in a car accident. A search of Howell's vehicle revealed, among other evidence of criminality, approximately ten pounds of marijuana and 340.2 grams of methamphetamine.

2

At sentencing, Mitchell objected to the probation officer's recommendation that she be held responsible for the drug quantities discovered in Howell's car. The district court overruled the objection, finding that, given "the degree of involvement of these two parties[,] it was reasonably foreseeable to [Mitchell] that [Howell] would have that quantity of drugs[,]" and that Howell possessed these drugs in relation to the jointly undertaken criminal activity. (J.A. 31).[*]

As explained in the Application Notes to the relevant conduct guideline, a defendant "is accountable for all quantities of contraband with which he was directly involved and, in the case of a jointly undertaken criminal activity, all reasonably foreseeable quantities of contraband that were within the scope of the criminal activity that he jointly undertook." U.S. Sentencing Guidelines Manual ("USSG") § 1B1.3 cmt. n.2 (2012). The Government must prove the drug quantity attributable to the defendant by a preponderance of the evidence. United States v. Bell, 667 F.3d 431, 441 (4th Cir. 2011). This court reviews the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error. United States v. Crawford, 734 F.3d

---

[*] Citations to "J.A." refer to the joint appendix filed by the parties.

3

339, 342 (4th Cir. 2013), cert. denied, 134 S. Ct. 1528 (2014); see also United States v. Alvarado Perez, 609 F.3d 609, 612 (4th Cir. 2010) (explaining that, when assessing a challenge to the district court's application of the Guidelines, this court reviews factual findings for clear error and legal conclusions de novo).

We discern no clear error in the district court's ruling on this issue. Regardless of the specific quantities of methamphetamine and marijuana Mitchell sold from her hospital room, Howell's possession of larger quantities of these drugs -- on the night that he couriered drugs to Mitchell for the specific purpose of her sale to the confidential informant -- was both in furtherance of their mutual objective of distributing narcotics and reasonably foreseeable to Mitchell, based on her participation in their jointly undertaken efforts to distribute drugs.

Finally, we disagree with Mitchell's claim that the district court committed reversible error by citing to our decision in United States v. Gilliam, 987 F.2d 1009 (4th Cir. 1993). Gilliam remains good law and, in addition to citing this case, the district court also identified and applied the standard set forth in USSG § 1B1.3(a)(1)(B).

For these reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and

4

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED